UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. 06-CR-227 (RBW) |
| v. : | |
| : | |
| TROY HOPKINS : | |

**DEFENDANT HOPKINS' MOTION TO EXTEND MOTIONS DEADLINE
AND TO CONTINUE TRIAL DATE**

Defendant Troy Hopkins, by and through undersigned counsel, respectfully moves the Honorable Court to enlarge the period for the filing of pre-trial motions and to continue the current trial date. In support of this Motion, Defendant states as follows:

1. Several of the defendants in this case were arrested on August 1 and 2, 2006. The Court unsealed the indictment two days later. On May 10, 2007, the Court set this matter for trial on September 26, 2007. Trial is anticipated to take approximately four to six weeks.

2. Mr. Hopkins was arrested on May 19, 2007, and the Court appointed Attorney Cary Clennon to represent Mr. Hopkins.

3. On July 5, 2007, Mr. Hopkins retained counsel to represent him in this matter. Counsel immediately filed his appearance, served a discovery request on the government and asked Mr. Clennon for Mr. Hopkins' file. As of the date of this motion, counsel has not received any discovery from the government and is anticipating Mr. Clennon's file shortly.

4. Considering that counsel just came into the case, counsel is not able to be prepared for trial by September 26, 2007. Counsel has had conversations with the government regarding the quantum of evidence and it appears that there is substantial discovery to review

1

and several issues to investigate. In its Motion for Exclusion of Time Under the Speedy Trial Act, the government stated that,

> Given the voluminous nature of the evidence on which the related indictments are based, discovery in this matter will be protracted and time-consuming, although the government anticipates turning over the bulk of all available discovery by September 26, 2002. The present discovery is in excess of 3,000 pages of documents and over seven hours of surveillance video. . . . Government's counsel also predicts that the arrest of the five fugitives in the case will generate new discovery as well. The vast amount of evidentiary material will prolong the discovery process and necessitate a lengthy period of time for trial preparation.

(Gov. Motion, Docket # 41; at 2-3). In this motion, the governments sought exclusion of the period from September 29, 2006 to March 29, 2007, a period of 180 days. The Court granted the motion on October 30, 2006 (Docket entry # 49).

    5. More specific to Mr. Hopkins, on May 29, 2007, the government filed its Supplemental Motion to Exclude Time Under the Speedy Trial Act. The government stated:

> Given the voluminous nature of the evidence on which the related indictments are based, discovery review by Hopkins' attorney in this matter will be protracted and time-consuming, although the government anticipates turning over discovery to Hopkins' attorney as soon as that individual is known to the government. The present discovery is in excess of 3,000 pages of documents and over seven hours of surveillance video. Defense counsel, understandably, will seek access to the above-listed evidence, including wiretap conversations, controlled buy paperwork, surveillance paperwork, videotapes, audiotapes, etc. The government also will need to prepare a large number of separate transcripts of the intercepted telephone conversations and drug transactions for which it will seek to admit at trial. The government has completed the transcription of the wiretap calls. However, Hopkins' counsel's review of the discovery will take a reasonable time after his arrival on a writ. . . .

(Gov. Motion, Docket # 103, at 2-3). In this motion, the government requested exclusion of time from March 29, 2007 to September 24, 2007, a period of 179 days. The Court does not appear to have ruled on this motion yet.

    6. Having just entered his appearance in this case, counsel faces the very situation described by the government in its motions for exclusion of time: "The vast amount of

evidentiary material will prolong the discovery process (at least with respect to Hopkins) and necessitate a lengthy period of time for pretrial preparation." (Id.)

7.   Counsel is also currently in trial before Judge Richard W. Roberts (United States v. Antwuan Ball, et al., Case No. 05-CR-100(RWR)) since February 13, 2007, in a protracted RICO conspiracy matter. Due to various delays, counsel anticipates still being in trial or just completing trial by the trial date currently scheduled in the instant matter.

8.   Furthermore, counsel informs the Court that due to a congested trial schedule, and out of an abundance of caution, he is requesting a mid-2008 trial date for Mr. Hopkins. Given this situation, Mr. Hopkins is prepared to consent to the exclusion of the required period of time, under the "Speedy Trial Act of 1974," 18 USC 3161(h)(8)(A). Such a request is not out of line with the pre-trial delay experienced in other recent cases in this Courthouse. See United States v. Franklin, et al. 04-CR-128(RMC) (two year pre-trial delay); United States v. Ball, 05-CR-100(RWR) (almost 2 year delay); United v. Jones, 05-CR-386(ESH) (over 1 year delay).

9.   Although there are co-defendants in this matter who have an interest in trying this case as scheduled,[1] Mr. Hopkins also has an interest in having his counsel of choice be fully prepared to try his case. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has previously held that an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him. See United States v. Gonzalez-Lopez, 126 S.Ct. 979 (2006); Wheat v. United

---

[1] The government has represented that it is in plea negotiations with several codefendants. See Docket Entry # 127 at 3, Gov. Motion for Extension of Time to File Motions. Thus, the number of codefendants who are actually tried may be far less than the number of defendants currently indicted.

States, 486 U.S. 153, 159 (1988).

   10. Nevertheless, the right to a defendant's counsel of choice is not absolute and must be balanced against the requirements of the fair and proper administration of justice. See Davis v. Stamler, 650 F.2d 477 (3d Cir. 1981). A defendant will not be permitted to subvert judicial proceedings or cause undue delay by designating a certain lawyer.

   11. However, "the most important decision a defendant makes in shaping his defense is his selection of an attorney." United States v. Laura, 607 F.2d 52, 55 (3d Cir. 1979). "Attorneys are not fungible," and "[t]he ability of a defendant to select his own counsel permits him to choose an individual in whom he has confidence." Id. at 56. Recognizing the importance of these interests, courts have held that "[i]f a defendant chooses a particular lawyer, a court may not take arbitrary action prohibiting the effective use of that counsel." United States v. Rankin, 779 F.2d 956 (citing Laura, 607 F.2d at 57.

   12. Although the right of representation by chosen counsel is subject to limitations it may not be hindered unnecessarily. Interfering with a defendant's efforts to secure counsel and thereby forcing on him representation by an undesired attorney may amount to denial of a constitutional right. For that reason, "[a] defendant's choice of counsel is not to be dealt with lightly or arbitrarily." United States v. Flanagan, 679 F.2d 1072, 1076 (3d Cir. 1982), rev'd on other grounds, 465 U.S. 259 (1984).

   13. The evidence the government intends to present against Mr. Hopkins is substantial and trial preparation and investigation will be extensive. Even if counsel's calendar were clear in September 2007, he could not in good faith go forward to trial with only two months of preparation. It is of note that the codefendants would have had over one year to prepare for trial by the scheduled trial date. Although, the government will most likely claim

4

that Mr. Hopkins brought this situation upon himself by virtue of his fugitive status, he cannot be denied his right to effective counsel by forcing him to trial without adequate pre-trial preparation and investigation.

14. Counsel has conferred with the government regarding this motion and AUSA Poteat has noted the government's objection. Considering that the government itself notes the "lengthy period of time [necessary] for pre-trial preparation" it would severely prejudice Mr. Hopkins to force him to go to trial in September 2007.

15. Alternatively, if the government insists on going forward to trial in September, Mr. Hopkins respectfully moves for severance from his co-defendants. Mr. Hopkins will supplement this request for a severance if the Court so requires.

16. Finally, counsel understands that the Court has scheduled a status hearing for July 13, 2007, at 11:15 a.m. Given that Fridays are counsel's only available non-trial days, he has two previously-scheduled doctors' appointments for that same day. Counsel is endeavoring to either rearrange his appointments or to have other counsel stand in for him at the hearing. Alternatively, counsel can be available any day next week to address the Court's concerns regarding the issues raised by this motion.

**WHEREFORE**, for the foregoing reasons and any that may become apparent to the Honorable Court, Mr. Hopkins respectfully requests that this Motion be **GRANTED**.

Dated: Washington, DC
      July 11, 2007                      Respectfully submitted,

                                      **LAW OFFICE OF A. EDUARDO BALAREZO**

                                      A. Eduardo Balarezo
                By:    _____
                                      A. Eduardo Balarezo (Bar # 462659)
                                      400 Fifth Street, NW
                                      Suite 300
                                      Washington, DC  20001

                                      *Attorney for Defendant Troy Hopkins*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of July 2007, I caused a true and correct copy of the foregoing Defendant's Motion to Extend Motions Deadline and to Continue Trial to be delivered via Electronic Case Filing to:

>Elisa S. Poteat, Esq.
>Emory V. Cole, Esq.
>Assistant United States Attorney
>Office of the United States Attorney for the District of Columbia
>555 Fourth Street, N.W.
>Washington, DC 20001

                                          A. Eduardo Balarezo
                                          _____
                                        A. Eduardo Balarezo