UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Criminal No. 06-CR-227 (RBW) |
| *v.* | : | |
| | : | |
| TROY HOPKINS | : | |

## DEFENDANT HOPKINS' MOTION TO RECONSIDER
## DENIAL OF COUNSEL'S APPEARANCE

Defendant Troy Hopkins, by and through undersigned counsel, respectfully moves the Honorable Court to allow undersigned counsel to remain as counsel. In support of this Motion, Defendant states as follows:

### FACTS

1. Several of the defendants in this case were arrested on August 1 and 2, 2006. The government alleges that at some point shortly after the initial arrests, Mr. Hopkins fled the jurisdiction to avoid capture.

2. Prior to Mr. Hopkins' eventual arrest, the government filed two separate Motions for Exclusion of Time Under the Speedy Trial Act. In its first Motion, the government stated that,

> Given the voluminous nature of the evidence on which the related indictments are based, discovery in this matter will be protracted and time-consuming, although the government anticipates turning over the bulk of all available discovery by September 26, 2002. The present discovery is in excess of 3,000 pages of documents and over seven hours of surveillance video. . . . Government's counsel also predicts that the arrest of the five fugitives in the case will generate new discovery as well. The vast amount of evidentiary material will prolong the discovery process and necessitate a lengthy period of time for trial preparation.

(Gov. Motion, Docket # 41; at 2-3). In this motion, the governments sought exclusion of the period from September 29, 2006 to March 29, 2007, a period of <u>180 days</u>. The Court granted the

1

motion on October 30, 2006 (Docket entry # 49).

  3.  On May 10, 2007, the Court set this matter for trial on September 26, 2007. The government anticipated that the trial would take approximately four to six weeks. Mr. Hopkins had not yet been apprehended at this point and did not take part in the scheduling of trial.

  4.  Mr. Hopkins was arrested on May 19, 2007, in the Central District of California. He was presented before Magistrate Judge Facciola on May 30, 2007, and ordered held without bond pending trial. Magistrate Judge Facciola appointed Attorney Cary Clennon to represent Mr. Hopkins pursuant to the Criminal Justice Act. Although the ECF/PACER entry for this hearing indicates that Mr. Hopkins requested appointment of counsel at presentment, undersigned counsel understands that Mr. Hopkins expressed his desire to retain counsel to the Court.

  5.  On May 29, 2007, the day before his presentment, the government filed its Supplemental Motion to Exclude Time Under the Speedy Trial Act. The government stated:

> Given the voluminous nature of the evidence on which the related indictments are based, discovery review by Hopkins' attorney in this matter will be protracted and time-consuming, although the government anticipates turning over discovery to Hopkins' attorney as soon as that individual is known to the government. The present discovery is in excess of 3,000 pages of documents and over seven hours of surveillance video. Defense counsel, understandably, will seek access to the above-listed evidence, including wiretap conversations, controlled buy paperwork, surveillance paperwork, videotapes, audiotapes, etc. The government also will need to prepare a large number of separate transcripts of the intercepted telephone conversations and drug transactions for which it will seek to admit at trial. The government has completed the transcription of the wiretap calls. However, Hopkins' counsel's review of the discovery will take a reasonable time after his arrival on a writ. . . .

(Gov. Motion, Docket # 103, at 2-3). In this motion, the government requested exclusion of time from March 29, 2007 to September 24, 2007, a period of <u>179 days</u>. A check of the ECF system,

does not indicate whether the Court has formally ruled on this motion yet.

6. On July 5, 2007, less than a month and a half from the date of his arrest, Mr. Hopkins retained undersigned counsel to represent him in this matter. Counsel immediately filed his appearance, served a discovery request on the government and asked Mr. Clennon for Mr. Hopkins' file.

7. On July 11, 2007, Mr. Hopkins filed a Motion to Extend Motions Deadline and to Continue Trial. The government did not consent to this motion.

8. At the status hearing on July 13, 2007, undersigned counsel made an *ex parte* representation to the Court regarding counsel's need for a continuance. The Court indicated the it was not inclined to allow undersigned counsel to represent Mr. Hopkins. The Court held in abeyance a formal ruling in order to consider the matter further. In reaching its preliminary ruling, the Court indicated that it was considering the length of time that codefendants have been detained; the length of the requested continuance; any prejudice to the government; the Court's congested schedule; counsel's congested schedule; and the fact that Mr. Hopkins was a fugitive.

9. Counsel orally moved for severance of Mr. Hopkins from his codefendants and the Court indicated that it "would not try this case twice" and denied the motion.

10. Mr. Hopkins files this motion to supplement his earlier motion.

## ARGUMENT

11. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has held that an element of this right is the right of a defendant

who does not require appointed counsel to choose who will represent him. *See United States v. Gonzalez-Lopez*, 126 S.Ct. 2557 (2006).

12. A non-indigent criminal defendant's Sixth Amendment rights encompass the right to be represented by the attorney selected by the defendant. *See Wheat v. United States,* 486 U.S. 153, 159 (1988); *Powell v. Alabama,* 287 U.S. 45 (1932). As a general rule, "'defendants are free to employ counsel of their own choice and the courts are afforded little leeway in interfering with that choice.'" *United States v. Lewis,* 759 F.2d 1316, 1326 (8th Cir.1985) (quoting *United States v. Cox,* 580 F.2d 317, 321 (8th Cir.1978)). " The right to privately retain counsel of choice derives from a defendant's right to determine the type of defense he wishes to present." *United States v. Mendoza-Salgado,* 964 F.2d 993, 1014 (10th Cir. 1992) (citations omitted); *United States v. Laura,* 607 F.2d 52, 56 (3d Cir. 1979) (citations omitted). " Lawyers are not fungible, and often the most important decision a defendant makes in shaping his defense is his selection of an attorney." *Mendoza-Salgado,* 964 F.2d at 1015-16 (internal quotations and citations omitted).

13. Like the denial of the right to self-representation and the denial of the right to counsel, the denial of the right to be represented by one's selected attorney "infects the entire trial process" from " beginning to end." *See United States v. Gonzales-Lopez*, 399 F.3d 924, 934 (8th Cir. 2005), *affirmed* 126 S. Ct. 2557 (2006). Within the range of effective advocacy, attorneys will differ as to their trial strategy, oratory style, and the importance they place on certain legal issues. *Id.* They may also differ with respect to expertise in certain areas of law, and experience or familiarity with opposing counsel and the judge. These differences will impact a trial in every way the presence or absence of counsel impacts a trial. *See generally Gonzalez-Lopez*, 399 F.3d at 934.

14.     "The right to select counsel of one's choice has never been derived from the Sixth Amendment's purpose of ensuring a fair trial. It has been regarded as the root meaning of the constitutional guarantee." *Gonzalez-Lopez*, 126 S. Ct. at 2563 (*citing Wheat,* 486 U.S., at 159; *Andersen v. Treat,* 172 U.S. 24 (1898)). Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. *Id.*

15.     "[W]hile an accused who is financially able to retain counsel of his own choosing must not be deprived of a reasonable opportunity to do so, the right to retain counsel of one's choice is not absolute." *United States v. Vallery,* 108 F.3d 155, 157 (8th Cir. 1997) (citing *Urquhart v. Lockhart,* 726 F.2d 1316, 1319 (8th Cir. 1984)). "The right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *Id.* (citing *United States v. Gallop,* 838 F.2d 105, 108 (4th Cir. 1988)). Thus, the district court must carefully balance the defendant's right to be represented by the counsel of his choice against the court's interest in "'the orderly administration of justice.'" *Urquhart,* 726 F.2d at 1319 (quoting *Linton v. Perini,* 656 F.2d 207, 209 (6th Cir. 1981)). *See also United States v. Burton*, 584 F.2d 485 (D.C. Cir. 1978).

16.     Here, the Court articulated various reasons why it was inclined to strike counsel as Mr. Hopkins' counsel, including the length of time that codefendants have been detained; the length of the requested continuance; any prejudice to the government; the Court's congested schedule; counsel's congested schedule; and the fact that Mr. Hopkins was a fugitive. The government also added that it had expended considerable resources in securing Mr.

Hopkins' presence. None of these reasons merit denial of counsel's appearance and a continuance.

17. <u>Effect of continuance on co-defendants</u> – most codefendants have been incarcerated since August 2006, and all claimed to be prepared for trial on September 26. By that time, they will have over one year of pre-trial preparation. Counsel understands that the government is actively negotiating plea agreements with the co-defendants and that several, if not all, will probably plead. Additionally, a continuance is not out of line with the pre-trial delay experienced in other recent cases in this Courthouse. <u>See</u> <u>United States v. Franklin</u>, et al. 04-CR-128(RMC) (two year pre-trial delay); <u>United States v. Ball</u>, 05-CR-100(RWR) (almost 2 year delay); <u>United v. Jones</u>, 05-CR-386(ESH) (over 1 year delay).

18. <u>The Court's and counsel's schedule</u> -  the Court indicated that if it granted a continuance to Mr. Hopkins it would not be able to try him until sometime in late Spring or early Summer 2008. Counsel's availability is similar to the Court's. Thus, granting Mr. Hopkins a continuance to accommodate counsel's schedule would not present an additional burden to the Court because the Court itself would not be available until then. Mr. Hopkins is prepared to consent to the exclusion of additional time under the Speedy Trial Act.

19. <u>Prejudice to the government</u> - The Court scheduled this matter for trial ten days prior to Mr. Hopkins' capture, and by definition, in his absence. By that point, the government should have known that it was hot on Mr. Hopkins' trail and informed the Court as such so that his imminent capture and appearance in this case could be taken into account in setting a trial date. If the government was not hot on his trail when the trial was set, then the government's agreement to the trial date indicates that it was prepared to try the case without Mr. Hopkins. Considering that the government was actively seeking Mr. Hopkins, it stands to

reason that the government understood that it may have to try Mr. Hopkins individually at a later date if it did not capture Mr. Hopkins by the scheduled trial date. Additionally, the government chose how to investigate this case and when to arrest the defendants. Once that was done, it requested that a total of <u>359 days</u> be excluded pursuant to the Speedy Trial Act because of the alleged complexity of the case. Now that Mr. Hopkins is in custody, the government complains that further delay would prejudice its case. With respect to the government's assertion that it has expended great resource to capture Mr. Hopkins, it is evident that it would have had to expend those resources whether Mr. Hopkins is tried in September or next year. That the government spent such resources should not trump Mr. Hopkins right to counsel or to have sufficient time to prepare his case.

      20.     <u>Mr. Hopkins' fugitive status</u> – The fact that Mr. Hopkins was not arrested at the outset of this case should not weigh against continuing this matter and allowing his counsel of choice to remain on the case. The simple fact is that Mr. Hopkins is not seeking a speedy trial, the denial of which would have been a direct result of his alleged fugitive status. Rather, he is seeking more time to prepare his case with the assistance of counsel of his choice.

      21.     <u>Prejudice to Mr. Hopkins</u> – Mr. Hopkins is indicted on charges carrying a statutory minimum sentence of ten years and a statutory maximum of life in prison if convicted. The government has filed a Notice of Prior Convictions indicating that he has multiple felony drug convictions. For all intents and purposes, Mr. Hopkins is facing life in prison. In seeking exclusion of almost one year under the Speedy Trial Act, the government cited the "voluminous nature of the evidence on which the related indictments are based" and noted that "discovery review by Hopkins' attorney in this matter will be protracted and time-consuming. . . . Defense counsel, understandably, will seek access to the above-listed evidence, including wiretap

conversations, controlled buy paperwork, surveillance paperwork, videotapes, audiotapes, etc." (Gov. Motion, Docket entry no. 103).

22. Mr. Hopkins was presented in this jurisdiction on May 30. He retained counsel just over one month later. By the trial date he would have had only <u>three and a half months</u> since presentment to investigate his case and prepare a defense. The Court has already deemed this case as "so unusual or complex . . . especially in light of the number of defendants and the extensive and wide-ranging ongoing investigation which led to these indictments, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the limits established in the Speedy Trial Act." *See* Order, docket entry no. 49. The preparation time being afforded to Mr. Hopkins is effectively equal to the provided for in the Speedy Trial Act and the Court has already deemed that time insufficient due to the complex nature of the case.

23. It is firmly established that the granting or refusal of a continuance is a matter within the discretion of this Court, and is not subject to review absent a clear abuse of that discretion. Yet when the continuance is sought to retain or replace counsel, the defendant's Sixth Amendment right to the assistance of counsel is implicated. In such circumstances, the right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice. *See Burton*, 584 F.2d at 489.

24. "While the government's interest in economy and efficiency may affect the scope of an indigent defendant's right to be represented by counsel of his choice 'it is clear that when an accused is financially able to retain an attorney, the choice of counsel to assist him rests ultimately in his hands and not in the hands of the State.'" *United States v. Panzardi-Alvarez*, 816 F.2d 813, 816 (1st Cir. 1986). "Thus, the trial judge may not insist on such

expeditiousness that counsel for the defendant lacks reasonable time to prepare for trial; stripping away the opportunity to prepare for trial is tantamount to denying altogether the assistance of counsel for the defense. On the other hand, the defendant cannot insist on an unnecessary delay or a delay of unreasonable proportions." *See Burton*, 584 F.2d at 489-90.

25.     Although the right of representation by chosen counsel is subject to limitations it may not be hindered unnecessarily. Interfering with a defendant's efforts to secure counsel and thereby forcing on him representation by an undesired attorney may amount to denial of a constitutional right. For that reason, "[a] defendant's choice of counsel is not to be dealt with lightly or arbitrarily." *United States v. Flanagan,* 679 F.2d 1072, 1076 (3d Cir. 1982), *rev'd on other grounds,* 465 U.S. 259 (1984). Obtaining reversal for violation of the right to counsel of choice "does not require a showing of prejudice to the defense, since the right reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceedings." *Flanagan v. United States,* 465 U.S. 259, 267-68 (1984). *See also Gonzales-Lopez*, 126 S. Ct. 2557 (2006). A defendant's choice of counsel cannot be reduced to a mere procedural formality whose deprivation may be allowed absent a showing of prejudice. The right to choose one's counsel is an end in itself; its deprivation cannot be harmless. *See United States v. Diozzi,* 807 F.2d 10, 16 (1st Cir. 1986).

26.     Here, there is no evidence that Mr. Hopkins seeks a continuance for illegitimate purposes. He merely seeks to retain counsel of his choosing and to have that counsel have sufficient time to investigate his case and prepare for trial. Considering that counsel just came into the case and is currently involved in a protracted RICO trial, counsel is not able to be prepared for trial by September 26, 2007. Having just entered his appearance in this case, counsel faces the very situation described by the government in its motions for exclusion of

time: "The vast amount of evidentiary material will prolong the discovery process (at least with respect to Hopkins) and necessitate a lengthy period of time for pretrial preparation."

      **WHEREFORE**, for the foregoing reasons and any that may become apparent to the Honorable Court, Mr. Hopkins respectfully requests that this Motion be **GRANTED**.

Dated:  Washington, DC
       July 17, 2007                      Respectfully submitted,

                                              **LAW OFFICE OF A. EDUARDO BALAREZO**

                                              A. Eduardo Balarezo
                 By:      _____
                                              A. Eduardo Balarezo (Bar # 462659)
                                              400 Fifth Street, NW
                                              Suite 300
                                              Washington, DC  20001

                                              *Attorney for Defendant Troy Hopkins*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July 2007, I caused a true and correct copy of the foregoing Defendant's Motion to Reconsider Denial of Counsel's Appearance to be delivered via Electronic Case Filing to:

Elisa S. Poteat, Esq.
Emory V. Cole, Esq.
Assistant United States Attorney
Office of the United States Attorney for the District of Columbia
555 Fourth Street, N.W.
Washington, DC 20001

                                            A. Eduardo Balarezo
                                            _____
                                            A. Eduardo Balarezo