UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA  )
     v.                                                        )    CRIMINAL NO. 06-227 (R̶G̶B̶) RBW
DARNELL JACKSON, ET. AL            )
Defendants.                                        )

FILED

JUL 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### GOVERNMENT'S OPPOSITION TO NEW COUNSEL FOR DEFENDANT HOPKINS AND TO ANY LENGTHY CONTINUANCE

The government, by and through its attorney, Jeffrey A. Taylor, United States Attorney for the District of Columbia hereby respectfully opposes Eduardo Balarezo's representation of Troy Hopkins. As grounds for this government's position on this representation and delay, the government proffers as follows:

A. Factual Background

After a lengthy investigation and wiretap, the Federal Bureau of Investigation (hereinafter "FBI") conducted a "take-down" in the instant case on August 1, 2006. As part of this take-down, agents searched several locations, including the home of Troy Hopkins' father on Lundy Drive in Lanham, Maryland. Agent Timothy Ervin supplied Hopkins' father with his cellular telephone number so that Troy Hopkins could call Ervin and arrange for a surrender. Indeed Hopkins did call Tim Ervin on the telephone. Ervin explained to Hopkins that he had a warrant and that he should surrender himself at once.

Hopkins did not surrender. Instead he went on the run. The FBI learned that Hopkins continued to traffic in PCP from a number of locations. They traced him to Atlanta where they stopped Hopkins' female companion only to learn that Hopkins had again taken flight. Later, the U.S. Marshals began a nationwide manhunt where they tracked Hopkins to the Los Angeles area and to an apartment he had used. That apartment, rented by the step-mother of Tinesha Adams, was raided and Hopkins was espied on the security camera in the complex as he again fled agents. Through expensive manpower use and technological means, agents eventually tracked Hopkins to a gambling casino where he was taken into custody on May 14, 2007. As he was being handcuffed he told Deputy Marshals that, if they would let him go, he would give them $500,000 in cash. The Marshals declined.

While Hopkins deliberately evaded arrest, the remaining defendants have sat incarcerated and awaiting trial.

In July 2007, Hopkins announced that he was hiring Attorney Balarezo, who is currently in trial. At a status hearing on July 13, 2007, Balarezo explained that his trial schedule would not permit him to try the instant case for approximately one year, when the Court's schedule was considered.

The delay and or severance that would be caused by allowing Attorney Balarezo to come in as Hopkins' counsel is not reasonable and this Court should not allow this representation under the facts and circumstances of this case.

B. Standard

The Sixth Amendment guarantees every criminal defendant an attorney. The defendant's right to retain the counsel of his choice is one of the rights incident to this general right to counsel. Powell v. Alabama, 287 U.S. 45, 53 (1932). Unlike the general right to counsel, however, the right to retained counsel of choice is qualified. A defendant's right to retained counsel of choice does not include the right to unduly delay the proceedings, for example. Id. This right may also give way to the systemic interest in the fair, orderly and efficient administration of justice. In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 250-51 (2nd Cir 1986)(en banc) (courts have the power and duty to disqualify counsel where the public interest in maintaining the integrity of the judicial system outweighs the accused's constitutional right); United States v. Rankin, 779 F.2d 956, 958 (3d Cir. 1986) (a defendant will not be permitted to subvert judicial proceedings or cause undue delay by designating a certain lawyer).

Although the right of representation by chosen counsel is subject to limitations it may not be hindered unnecessarily. Interfering with a defendant's efforts to secure counsel and thereby forcing on him representation by an undesired court-appointed attorney may amount to denial of a constitutional right. For that reason, "[a] defendant's choice of counsel is not to be dealt with lightly or arbitrarily." United States v. Flanagan, 679 F.2d 1072, 1076 (3rd Cir. 1982), rev'd on other grounds, 465 U.S. 259 (1984). In United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3rd Cir. 1969), the Court was presented with a contention that a trial judge had abused his discretion by denying a continuance so that a defendant could obtain the services of his chosen lawyer. The Court rejected the defendant's argument and discussed the ripple effect a postponement could have on a court's calendar, particularly in a large metropolitan community. We noted the need for a firm trial

date to enable the government to assemble its witnesses and schedule its attorneys. Not only can a continuance have a disruptive effect on court administration, but it may also "prejudice the rights of another defendant [whose] trial is delayed." Id. at 1214.

Right to retain counsel of one's own choice is not absolute; such right cannot be insisted on in a way that will obstruct orderly judicial procedure and deprive courts of the exercise of their inherent powers to control the administration of justice. United States v. Burton, 584 F.2d 485 (D.C. Cir 1978).

C. Conclusion

Because Mr. Balarezo's entry into this case would result in either a long continuance for the other defendants or a severance it should not be permitted.

WHEREFORE the government respectfully requests that Mr. Balarezo's entry and motion to continue be denied.

Respectfully submitted,

JEFFREY TAYLOR
United States Attorney
Bar No. 498-610

_____
S. Elisa Poteat
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20001
Bar. No. 420-604

_____
Emory V. Cole
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendants below.

                                                                     S. Elisa Poteat
                                                                     Assistant United States Attorney

Defense Counsel:

1) Mr. Howard Bernard Katzoff, Esq.
   Counsel for Defendant Lawrence Bryant
   katzoffh@aol.com

2) Mr. James W. Rudasill, Jr., Esq.
   Counsel for Defendant John Downs
   rudasilljr7@aol.com

3) Mr. Nathan Silver, Esq.
   Counsel for Defendant Darnell Jackson
   nisquire@aol.com

4) Mr. Rudy Acree, Esq.
   Counsel for Defendant Bernie Hargrove
   Faxed to 202-331-7004

5) Mr. Jensen Barber, Esq.
   Counsel for Defendant Keith Roots
   jebarber@aol.com

6) Mr. Gary Sidell, Esq.
   Counsel for Defendant Lanika Mercedes Franklin
   suitcase@verizon.com

7) Mr. Harry Tun
   Counsel for Defendant Troy Chavious

Tunharry@aol.com

8) Mr. Steven J. McCool
   Attorney for Defendant Damon Dixon
   smccool@mallonandmccool.com

9) Mr. Cary Clennon
   Attorney for Defendant Troy Hopkins
   Clennon_law@comcast.net

10) Mr. Eduardo Balarezo
    lawoffice@balarezo.net