**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Criminal No. 06-227-02 (RBW) |
| v. | : | Judge Walton |
| | : | |
| TROY ANTOINE HOPKINS | : | |


**RESPONSE TO GOVERNMENT'S NOTICE OF
INTRINSIC AND EXTRINSIC FACTS**


Defendant Troy Hopkins, by and through undersigned counsel, submits this Reply to the Government's Notice of Intrinsic and Extrinsic Evidence.  Mr. Hopkins submits that the evidence the Government intends to admit is outside of the specific time-frame of the conspiracy charged, thus, it should be considered "extrinsic evidence" that falls under Rule 404(b).  Mr. Hopkins further submits that the evidence is not relevant to any issue in the case, and is extremely prejudicial because it tends to prove only the defendant's criminal predisposition, and is not even necessary to prove the prosecution's case.


**I.    SUMMARY OF THE GOVERNMENT'S ARGUMENT.**

1.   **The Government's first argument is that it intends to seek admission of evidence that before and during the period of the conspiracy, Mr. Hopkins purchased cocaine and helped Darnell Kinard Jackson cook powder cocaine into crack for resale, kept drugs at his father's house,  and possessed firearms unlawfully.**  See Gov'ts Notice at p 17.

2.    The Government also intends to seek admission of
      evidence that Mr. Hopkins continued to sell PCP after
      July 27, 2006.  Further, the Government argues that Mr.
      Hopkins promised that he could lead the Deputy U.S.
      Marshals to the biggest PCP cooker in California,
      thereby confirming that he remained active in PCP
      trafficking. See Gov'ts Notice at p 18.

3.    The Government intends to seek admission of evidence
      that Mr. Hopkins previously sold illicit drugs prior to
      the conspiracy.  The Government intends to introduce
      evidence that on December 24, 1994, Mr. Hopkins was
      arrested and police recovered crack cocaine from Mr.
      Hopkins' vehicle, plus a November 9, 1996, arrest for
      possession with intent to distribute cocaine, a
      November 20 , 1997, arrest for possession with intent
      to distribute Cocaine and PCP, a January 27, 2002, gun
      assault and a 2004 home invasion of the Hopkins family
      residence. See Gov'ts Notice at p 20-23.

4.    The Government intends to seek admission of evidence of
      a January 24, 2004, interdiction of PCP, and a March
      14, 2004, interdiction of PCP. See Gov'ts Notice at p
      23-26.

5.    The Government also intends to seek admission of
      evidence of other acts of the group as inextricably
      intertwined with the charged conspiracy.  The
      Government argues that cocaine, marijuana and prior PCP
      trafficking were intrinsic parts of the conspiracy.
      That Mr. Hopkins' previous use of his father's home to
      sell illegal drugs shows intent.  And that Mr. Hopkins'
      flight is relevant to show his state of mind.  See
      Gov'ts Notice at p  27-44.

<u>**REPLY ARGUMENT**</u>

**II.  The Rule under 404(b)**

Under Rule 404(b),"[e]vidence of other crimes, wrongs, or

acts is not admissible to prove the character of a person in

order to show action in conformity therewith.  It may, however,

be admissible for other purposes, such as proof of motive,

-2-

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Fed.R.Evid. 404(b). To be admissible, 404(b) evidence must 1) be relevant to one of the enumerated issues and not to the defendant's character; 2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and 3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403. United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000).

The D.C. Circuit has described Rule 404(b) as one "of inclusion rather than exclusion," United States v. Bowie, 344 U.S. App. D.C. 34, 232 F.3d 923, 929 (D.C. Cir. 2000), and has explained that it excludes evidence that "is offered for the sole purpose of proving that a person's actions conformed to his or her character," United States v. Long, 356 U.S. App. D.C. 117, 328 F.3d 655, 661 (D.C. Cir. 1993), cert. denied, 540 U.S. 1075, 124 S.Ct. 921, 157 L.Ed.2d 747 (2003).

To the extent that it is not already admissible due to being direct and substantive evidence of the charged offenses, evidence of other crimes, wrongs, or bad acts is admissible under Federal Rule of Evidence 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Pindell, 357 U.S. App. D.C. 377, 336

-3-

F.3d 1049, 1056 (D.C. Cir. 2003); <u>United States v. Miller</u>, 283
U.S. App. D.C. 9, 895 F.2d 1431, 1436 (D.C. Cir. 1990). However,
it can be said that "corroboration, in and of itself, is not a
separate purpose belonging in the open class of permissible
purposes referred to in Rule 404(b)'s second sentence." <u>United
States v. Linares</u>, 361 U.S. App. D.C. 318, 367 F.3d 941, 949
(D.C. Cir. 2004) (quoting <u>United States v. Bailey</u>, 355 U.S. App.
D.C. 64, 319 F.3d 514, 520 (D.C. Cir. 2003) (noting that "to
decide if Rule 404(b) evidence is admissible for corroboration,
the court must determine what is being corroborated and how . . .
The label 'corroboration' [] merely invites a closer look at
exactly how the evidence may be probative.").

The Court must undertake a two-part analysis to determine
admissibility in the Rule 404(b) context. See <u>Miller</u>, 895 F.2d at
1435. First, the Court considers whether the evidence is
"probative of some material issue other than character." <u>United
States v. Clarke</u>, 306 U.S. App. D.C. 251, 24 F.3d 257, 264 (D.C.
Cir. 1994); Fed. R. Evid. 401. Second, if the Court deems the
evidence to be relevant, the Court should exclude the evidence
only if probative value "is substantially outweighed by the
danger of unfair prejudice." Fed. R. Evid. 403; Long, 328 F.3d at
662.

The D.C. Circuit has recognized that "Rule 404(b) evidence
will often have . . . multiple utility, showing at once intent,

knowledge, motive, preparation, and the like." United States v. Crowder, 329 U.S. App. D.C. 418, 141 F.3d 1202, 1208 (D.C. Cir. 1998) (en banc). If evidence is ruled admissible, the trial court, when the defendant so requests, must give a limiting instruction. Fed. R. Evid. 105. Importantly,"evidence of an uncharged offense arising out of the same transactions as the offense charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b)." United States v. Krout, 66 F.3d 1420, 1425 (5th Cir. 1995). Indeed, "evidence of criminal wrongdoing that does not relate to specific dates or incidents charged in the indictment could be independently admissible as direct proof of the charged offenses. This is true if the evidence is of acts which are inextricably intertwined' with a charged crime." United States v. Edelin, 128 F. Supp. 2d 23, 48 (D.D.C. 2001) (citing United States v. Badru, 321 U.S. App. D.C. 137, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996); United States v. Allen, 295 U.S. App. D.C. 128, 960 F.2d 1055, 1058 (D.C. Cir. 1992) (per curium) ("Rule 404(b) excludes only evidence extrinsic or extraneous to the crimes charged, not evidence that is intrinsic or inextricably linked.")); see also United States v. Washington, 304 U.S. App. D.C. 263, 12 F.3d 1128, 1135 (D.C. Cir. 1994).

    The distinction between evidence of "intrinsic" acts and evidence of "extrinsic" acts is crucial and sometimes quite

subtle. See United States v. Conley, 878 F. Supp. 751, 754
(W.D.Pa. 1994).  Rule 404(b) only applies to evidence of acts
extrinsic to the charged crime; conversely, acts intrinsic to the
crimes charged are not excludable under 404(b). United States v.
Record, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989).  An uncharged
act may not be extrinsic, and therefore outside of Rule 404(b)
analysis if: (1) the act was part of the scheme for which a
defendant is being prosecuted, id.; or (2) the act was
"inextricably intertwined with the charged crime such that a
witness' testimony would have been confusing and incomplete
without mention of the prior act,'" id. (quoting United States v.
Richardson, 764 F.2d 1514, 1521-22 (11th Cir.), cert denied, 474
U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 303 (1985)); see also United
States v. Williams, 900 F.2d 823, 825 (5th Cir. 1990).  ("'Other
act' evidence is intrinsic' when the evidence of the other act
and the evidence of the crime charged are inextricably
intertwined' or both acts are part of a single criminal episode'
or the other acts were necessary preliminaries to the crime
charged.'") (citations omitted); Badru, 97 F.3d at 1474 "Evidence
of criminal activity other than the charged offense is not
considered extrinsic if it is an uncharged offense which arose
out of the same transaction or series of transactions as the
charged offense, if it was inextricably intertwined with the
evidence regarding the charged offense, or if it is necessary to

-6-

complete the story of the crime of trial. . . ." <u>United States v.</u>
<u>Weeks</u>, 716 F.2d 830, 832 (11th Cir. 1983).

As the <u>Conley</u> court emphasized,"evidence of uncharged other
crimes, wrongs, or acts' which are part and parcel' of the
charged offenses, including the conspiracy, and which tends to
directly and intrinsically establish the defendant's
participation in the charged offenses, is simply not evidence of
other crimes, wrongs or acts. Rule 404(b) is not implicated by
such evidence." <u>Conley</u>, 878 F. Supp. at 755 (emphasis in
original); see also <u>United States v. Concepcion</u>, 983 F.2d 369,
392 (2d Cir. 1992) ("An act that is alleged to have been done in
furtherance of the alleged conspiracy . . . is not an other act'
within the meaning of Rule 404(b); it is part of the very act
charged."); <u>United States v. Thai</u>, 29 F.3d 785, 812-13 (2d Cir.
1994).

When a conspiracy is alleged, a purpose under Rule 404(b)
for introducing "extrinsic" acts is to provide background in
order to show both association and how a criminal relationship
developed.  Where, as here, defendants are charged with a
conspiracy, certain evidence of extrinsic acts may be admitted to
provide background to explain the developing criminal
relationship.  Proving a relationship is an important element of
establishing a conspiracy, such as the Section 846 conspiracy
that the Defendants are charged with in Count I.  As the Supreme

-7-

Court has explained, an enterprise "is an entity separate and apart from the pattern of activity in which it engages," and that its existence is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981). Therefore, to prove a conspiracy, the Government must establish that (1) the enterprise is an ongoing organization with some sort of framework for making or carrying out decisions; (2) that the various associates function as a continuing unit; and (3) that the enterprise be separate and apart from the pattern of activity in which it engages." United States v. Irizarry, 341 F.3d 273, 286 (3d Cir. 2003); United States v. Pelullo, 964 F.2d 193, 211 (3d Cir. 1992) (citing United States v. Riccobene, 709 F.2d 214, 221-24 (3d Cir. 1983), overruled on other grounds by Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991)). Under the relevant test, the Government must show that the defendants constituted an association in the form of an enterprise in order to sustain a conspiracy conviction.  In doing so, the government is not limited in its proof of a conspiracy or enterprise to the overt acts alleged in the indictment.  United States v. Wilson, 657 F.2d 755, 763 (5th Cir. 1981).

The Government, in a conspiracy prosecution, is allowed some "leeway in offering evidence of other offenses to inform the jury

of the background of the conspiracy charged, to complete the story of the crimes charged, and to explain to the jury how the illegal relationship between the participants in the crime developed.'" <u>United States v. Mathis</u>, 342 U.S. App. D.C. 127, 216 F.3d 18, 26 (D.C. Cir. 2000) (quoting <u>United States v. Williams</u>, 205 F.3d 23, 33-34 (2d Cir. 2000). However, if this background evidence is outside of the specific time-frame of the conspiracy charged, it is likely to be considered "extrinsic evidence" that falls under Rule 404(b). <u>United States v. Tse</u>, 375 F.3d 148, 155 (1st Cir. 2004).

When the Government seeks to introduce such extrinsic evidence, the trial must first determine whether it is admissible under Rule 404(b). If so, it must then determine whether the probative value is substantially outweighed by the risk of unfair prejudice. <u>United States v. Gaviria</u>, 325 U.S. App. D.C. 322, 116 F.3d 1498, 1532 (D.C. Cir. 1997). The Government's evidence identified in its Rule 404(b) Notice falls under this type of evidence, and requires a careful examination.

**III. ADDRESSING THE GOVERNMENT'S ARGUMENTS**

1. **The Government's first argument is that it intends to admit evidence that before and during the period of the conspiracy, Mr. Hopkins purchased cocaine and helped Darnell Kinard Jackson cook powder cocaine into crack for resale, kept drugs at his father's house, and possessed firearms unlawfully.** See Gov'ts Notice at p 17.

The drug selling that began before and carried over to the time frame covered by the conspiracy is best characterized as falling within the Rule 404(b) analysis as extrinsic evidence -- the evidence is not inextricably intertwined with the goals of the Section 846 conspiracy, evidence.  See <u>United States v. Morrow</u>, 2005 U.S. Dist. LEXIS 23512 (D.D.C. 2005).  In this case, the drug sale of crack cocaine was not part of the same transactions or occurrences, and the drug-related acts cannot be said to be directly in furtherance of the charged Section 846 conspiracy to distribute PCP.  Accordingly, this Court should consider all evidence relating to cocaine distribution by Mr. Hopkins to fall within the purview of Rule 404(b), and shall analyze such evidence under the traditional two-pronged test. See <u>United States v. Clarke</u>, 306 U.S. App. D.C. 251, 264 (D.C. Cir. 1994).

2.  **The Government also argues that it intends to admit evidence that Mr. Hopkins continued to sell PCP after July 27, 2006.  Further, the Government argues that Mr. Hopkins promised that he could lead the Deputy U.S. Marshals to the biggest PCP cooker in California, thereby confirming that he remained active in PCP trafficking**. See Gov'ts Notice at p 18.

These acts are outside of the relevant time period.  Acts separated by a substantial time period do not constitute a "common scheme." <u>United States v. Manafzadeh</u>, 592 F.2d 81, 88 (2d Cir. 1979).  If evidence is outside of the specific time-frame of the conspiracy charged, it is likely to be considered "extrinsic

evidence" that falls under Rule 404(b).  <u>United States v. Tse</u>, 375 F.3d 148, 155 (1st Cir. 2004).  Furthermore, theses acts are not "intrinsically intertwined" given that there is no way these acts furthered the charged conspiracy.  See  <u>United States v. Morrow</u>, 2005 U.S. Dist. LEXIS 23512 (D.D.C. 2005).

After July 27, 2006, Mr. Hopkins moved to Los Angeles.  Away from the others charged along with Mr. Hopkins, any acts he may have done were on an individual basis and did not further the alleged conspiracy.  Consequently, the acts are not "intrinsically intertwined" given that there is no way these acts furthered the charged conspiracy.

3.  **The Government intends to admit evidence that Mr. Hopkins previously sold illicit drugs prior to the conspiracy.  The Government intends to introduce evidence that on December 24, 1994, Mr. Hopkins was arrested and police recovered crack cocaine from Mr. Hopkins' vehicle; a November 9, 1996, arrest for possession with intent to distribute cocaine, a November 20, 1997, arrest for possession with intent to distribute Cocaine and PCP, a January 27, 2002, gun assault and a 2004 home invasion.** See Gov'ts Notice at p 20-23.  **Furthermore, the Government intends to admit evidence of a June 23, 2004, cocaine buy and an August 20, 2005, arrest for possession with intent to distribute cocaine and possession of an unregistered firearm.** See Gov'ts Notice at p 26-27.

The only possible relevance a prior arrest might have under the terms of Rule 404(b) is to prove intent.  But "(w)hen a prior criminal act is relied upon to prove intent or knowledge, similarity between the two events must be shown to establish the threshold requirement of relevance." <u>United States v.</u>

Hernandez-Miranda, 601 F.2d 1104, 1108 (9th Cir. 1979); United States v. Corey, 566 F.2d 429, 431-32 (2d Cir. 1977); United States v. Kirk, 528 F.2d 1057, 1060 (5th Cir. 1976). In this case, the prior arrest is dissimilar from the crime for which defendant is on trial with respect to precisely the relevant element: intent.

Even if the prior arrests were marginally relevant to one of the issues listed in Rule 404(b), it should surely be excluded in the second stage of analysis of admissibility under that rule. Bad acts evidence must satisfy Federal Rule of Evidence 403; here, the prior arrests should be ruled inadmissible on the ground that their minimal relevance was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Most of the incidents are ten or more years old, and even the more recent events are both dissimilar in nature and involve others than those persons charged in this case as co-conspirators. Only the January 2004 seizures in Burbank and Los Angeles bear any factual similarity to the events charged in this case but cannot be tied by clear and convincing evidence to Mr. Hopkins, who was merely detained, not arrested or charged.

The evidence of the past arrests is not relevant to any issue in the case, and is extremely prejudicial because it tends only to prove only the defendant's criminal predisposition, and is not even necessary to prove the prosecution's case. Therefore,

the evidence is inadmissible under both Rules 404(b) and 403. As
noted by another circuit, "(t)he government has no business
offering such evidence," United States v. Bettencourt, 614 F.2d
214, 218 (9th Cir. 1980).


    4.    **The Government intends to admit evidence of a January
24, 2004, interdiction of PCP, and a March 14, 2004,
interdiction of PCP.** See Gov'ts Notice at p 23-26.

This evidence is completely inadequate to support any
reasonable inference that Mr. Hopkins had the intent to possess
PCP at the time of the interdiction, and therefore the requisite
degree of relevance for admissibility under Rule 404(b) is not
met. See United States v. Beechum, 582 F.2d 898, 913 (5th Cir.
1978), cert. denied, 440 U.S. 920, 99 S. Ct. 1244, 59 L. Ed. 2d
472 (1979).

As the Government states in its Notice, on January 24, 2004,
when PCP was confiscated at the Burbank Airport and in a Los
Angeles hotel, Mr Hopkins was let go because he did not have PCP
on his person. See Gov'ts Notice at p 23.  At the March 14, 2004,
interdiction of PCP at the Federal Express Facility in Crofton,
Maryland, the package was not addressed to Mr. Hopkins and Mr.
Hopkins never met with the addressee.  See Gov'ts Notice at p 25.


    5.    **The Government also intends to admit evidence of other
acts of the group as inextricably intertwined with the
charge offense.  The Government argues that cocaine,**

> **marijuana and prior PCP trafficking were intrinsic parts of the conspiracy.  That Mr. Hopkins' previous use of his father's home to sell illegal drugs shows intent.  And that Mr. Hopkins' flight is relevant to show his state of mind.**  See Gov'ts Notice at p  27-44.

The Government announced that it seeks to introduce certain evidence against all co-defendants relating to their sale and distribution of narcotics during the period prior to the charged conspiracies and during the conspiracy period itself. See Governments Notice of Intrinsic and Extrinsic Facts. (p. 27-44) Most of this evidence relates to the sale and distribution by individual members of the alleged enterprise prior to the relevant conspiracy time frame. However, the Government asserts that this drug-related evidence may be admitted as background evidence going to the Section 846 conspiracy, as it shows association, i.e.,  knowledge of one-another's criminal abilities, how the Defendants came to know each other and form a single group with generalized goals. See Gov'ts Notice at p. 31 According to the Government, in its explanation of how these individuals met each other and how their enterprise was formed:

> The sales of cocaine were less frequent than the PCP sale but they were intended to help members of the conspiracy of their family members when the need arose.  See Gov'ts Notice at p. 29.

The Government asserts first that this evidence should not be analyzed under Rule 404(b), because, by proving association, it is "inextricably intertwined" to a necessary element of the

-14-

conspiracy, and it comes in to inform the jury of the background
of the conspiracy charges.  In the alternative, the Government
argues that this drug-related evidence would also be permissible
Rule 404(b) evidence, as it shows how the members of the alleged
Section 846 conspiracy came to know each other and act jointly.

Nevertheless, while prior bad acts are often admitted in the
conspiracy context to provide background and help explain the
development of mutual trust, such evidence can be considered
intrinsic evidence falling outside of Rule 404(b) only when that
evidence is closely related to the conspiracy charged and falls
within the relevant time frame. See Thai, 29 F.3d at 812
(evidence relating to a defendant's uncharged participation in
robbery occurring within the conspiracy time frame was direct
proof of an act in furtherance of the conspiracy relating to
robbery, murder, and extortion and not 404(b) evidence); Diaz,
176 F.3d at 79-80 (evidence of drug dealing during the conspiracy
period between co-defendants was considered direct evidence of
the conspiracy charged, which was related to charges of murder
and drug distribution).

However, when the evidence of prior bad acts relates to
actions substantially different from the goals of the conspiracy
charged, and occurs prior to the commencement of the charged
conspiracy period, that evidence is better analyzed as falling
under the purview of Rule 404(b). See Rosa, 11 F.3d at 334 (in a

conspiracy relating to the distribution of drugs, prior cooperation between co-defendants in a series of car thefts was admitted after a Rule 404(b) analysis).

Here, a conspiracy to sell PCP between September 2005 and July 2006 is alleged. As such, evidence relating to prior drug distribution of drugs other than PCP by the various Defendants -- and how they became intertwined through that distribution -- does not directly relate to the nature or goals of the actual conspiracy charged. Instead, the evidence of prior drug selling is better characterized as evidence falling within the Rule 404(b) umbrella. Moreover, the drug selling that carried over to the time frame covered by the conspiracies is also best characterized as falling within the Rule 404(b) analysis as extrinsic evidence -- the evidence is not inextricably intertwined with the goals of the Section 846 conspiracy, the drug selling evidence was not part of the same transactions or occurrences, and the drug-related acts cannot be said to be directly "in furtherance of" the charged Section 846 conspiracy. Accordingly, this Court should consider all evidence relating to drug distribution by Defendants to fall within the purview of Rule 404(b), and should analyze such evidence under the traditional two-pronged test. See Clarke, 24 F.3d at 264.

## CONCLUSION

The evidence of the past arrests are not relevant to any issue in the case, and is extremely prejudicial because it tends only to prove only the defendant's criminal predisposition, and is not even necessary to prove the prosecution's case. Therefore, the evidence is inadmissible under both Rules 404(b) and 403. As such the evidence must be deemed inadmissible.

Respectfully submitted,

_____
CARY CLENNON #366816
Counsel for Troy Antoine Hopkins
Appointed by the Court

P.O. Box 29302
Washington, D.C. 20017-9302
Phone : (202) 269-0969
Fax:  (202) 269-0969
Clennon_law@comcast.net

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties by ECF this twenty-first day of September, 2007.

_____
Cary Clennon

-17-