**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA        :
                                :
          v.                    :   Criminal No. 06-227-02 (RBW)
                                :
TROY ANTOINE HOPKINS            :

<u>DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>

Defendant Troy Antoine Hopkins, by and through undersigned counsel and pursuant to Fed.R.Crim.Proc. 12(b)(3) and the Fifth and Sixth Amendments to the United States Constitution, respectfully moves this honorable court to suppress for use as evidence by the United States any and all statements of the defendant obtained in violation of his constitutional rights.  In support thereof, counsel states:

1.  On or about May 19, 2007, Mr. Hopkins was arrested in the Central District of California with benefit of a warrant issued upon indictment, and charged with conspiracy to possess with intent to distribute and to distribute in excess of 1 kilogram of phencyclidine, in violation of 21 U.S.C. §846.

2.  While in the custody of federal agents and in the presence of local police, Mr. Hopkins allegedly provided incriminatory statements which the United States intends to offer into evidence against him.  The United States asserts that Mr. Hopkins spontaneously and voluntarily initiated conversation in

advance of his being warned of his constitutional rights.  Upon information and belief there is no written waiver of rights and such a waiver was never prepared.

   3.  Upon information and belief the statements obtained were made in the midst of custodial interrogation without a valid waiver of constitutional rights and should be suppressed as having been the result of improper police procedure.

   4.  The burden is always on the United States to seek to demonstrate that statements of the Defendant sought to be offered as evidence were obtained in compliance with the procedural safe-guards established in <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966);  <u>Orozco v. Texas</u>, 394 U.S. 324 (1969);  <u>Mathis v. United States</u>, 391 U.S. 1 (1968).

   5.  Statements obtained as a result of illegal police procedure should be suppressed as the result of improper police conduct.  <u>Wong Sun v. United States</u>, 371 U.S. 471, 484-85 (1963); <u>Weeks v. U.S.</u>, 232 U.S. 383 (1914); <u>Silverthorne Lumber Co. v. U.S.</u>, 251 U.S. 385(1920).  The exclusionary rule here implicated was designed to prevent the government from exploiting illegal procedures so that subsequent proceedings could be improperly cloaked in legitimacy. "The essence of a provision forbidding the acquisition of evidence in a certain way is not that merely evidence so acquired shall not be used before the Court but that it shall not be used at all." <u>Silverthorne</u>, supra., at 392.  The

statements obtained from the defendant in custody must be suppressed.

WHEREFORE, for all of the foregoing reasons and those in the accompanying memorandum as well as those that may appear at a hearing on this motion, the Defendant respectfully requests that any and all statements of the Defendant intended for use as evidence by the United States be suppressed as having been obtained in violation of the Defendant's Fifth Amendment right to remain silent and his Sixth Amendment right to the assistance of counsel.

Respectfully submitted,

_____
CARY CLENNON  #366816
Counsel for Troy Antoine Hopkins
Appointed by the Court

P.O. Box 29302
Washington, D.C. 20017-9302
Phone : (202) 269-0969
Fax:  (202) 269-0969
Clennon_law@comcast.net


**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was served on all parties by ECF this twenty-first day of September, 2007.

_____
Cary Clennon

-3-