UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :
                            :
         v.                 :    Criminal No. 06-227-02 (RBW)
                            :
TROY ANTOINE HOPKINS        :

DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Troy Antoine Hopkins, by and through undersigned counsel and pursuant to Fed.R.Crim.Proc. 12(b)(3) and the Fourth Amendment to the United States Constitution, respectfully moves this honorable court to suppress for use as evidence by the United States any and all tangible evidence obtained in violation of the Defendant's constitutional rights.  In support thereof, counsel states:

   1.  On or about August 1 ,2006, a search and seizure of property was conducted at 5601 Lundy Drive, Lanham, Maryland, pursuant to a warrant issued by the United States District Court for the District of Maryland.

   2.  The warrant was issued pursuant to an application filed by the United States Attorney for the District of Maryland supported by an affidavit in support thereof filed by Special Agent Timothy J. Ervin, who also filed affidavits in support of search warrants for numerous other locations searched in this investigation.

3.  The United States has announced its intention to seek the introduction into evidence against my client alleged contraband and other items recovered during the search.

4.  The warrant application affidavit sets out on pp. ON pages 22, 23 and 27 of a 31-page affidavit Agent Ervin lays out the minimal information linking alleged criminal activity to the Lundy Drive address.  Agent Ervin recounts an intercepted telephone communication where HOPKINS allegedly offered to sell quantities of PCP to JACKSON on May 13, 2006.  In fact, the parties argued and no sale was arranged or consummated.  No facts link this aborted negotiation to the Lundy Drive address and no link is apparent.  On May 18, according to the affidavit, HOPKINS used the target telephone (that of JACKSON) to communicate with Krystal Parker and Troy Chavious, who were allegedly in Los Angeles to purchase PCP.  Although JACKSON arranged with Chavious three or four days later to purchase PCP from Chavious in Lanham, no facts connect this alleged transaction to HOPKINS and no facts connect the transaction to his residence on Lundy Drive.  Only one other assertion regarding HOPKINS is made, that he was present when "Pops" delivered money to JACKSON in Odenton.  There is no allegation that drugs were present, that HOPKINS had any knowledge of the money transfer or it s purpose.  His innocent presence in JACKSON'S home weeks prior to the warrant application sheds no light on criminal connections to Lundy Drive.

5. Fianlly, on page 27, it is alleged that HOPKINS and CHAVIOUS have been observed at the Lundy Drive address "on numerous occasions."  This conclusory assertion makes no reference to when the observations were made and no supporting facts are provided to corroborate the agent's assertions.  It is asserted that prior pertinent conversations had been had on the Lundy Drive telephone, but no details provided to the issuing Magistrate Judge confirm this assertion.  Merely reporting alleged pertinent conversations with HOPKINS without dates and subject matter do not assist the Magistrate Judge in evaluating the timeliness of the so-called connection evidence nor its weight.

6.   The affidavit in support of the search warrant did not establish probable cause to believe that evidence of a crime, if any, would be discovered inside the residential premises at 5601 Lundy Drive.  The facts averred in the affidavit are insufficient to convince a reasonable person that evidence of suspected crime would be found inside the named address

7.   A warrant to search residential premises should issue only upon a finding of probable cause by a neutral and detached magistrate.  The evidence presented in support of probable cause must provide the magistrate with a "substantial basis" for making such a determination.  <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983).  Mechanistic *per se* rules for issuing search warrants are

inappropriate.  Each case must be judged on its own facts.  The single purchase of a controlled substance observed by an officer does not establish *per se* probable cause to search.  <u>United States v. Khounsavnh</u>, 113 F.3d 279, 285 (1st Cir. 1997).

    8.  The experienced narcotics agent declared in his affidavit that "secure locations" such as "homes" of drug traffickers are likely sources of storage of contraband and suspected fruits of criminal activity.  It was therefore objectively unreasonable for the affiant to harbor a good faith belief in the legitimacy of this warrant when he knew it was bare of facts establishing the nexus between the speculative location of the suspected drug deal and the premises sought to be searched.

    9.  Here, there is no "substantial basis" upon which to find probable cause to believe drugs and/or paraphernalia and/or proceeds of crime would be found inside the location at issue.  The affidavit contains no information whatsoever that any contraband delivered originated from inside the suspect premises.  In fact, the affiant police officer may have displayed reckless disregard for the truth in attempting to imply in his affidavit, without evidence, that the seller was connected to the premises and that the contraband came from within the premises.  A fair reading of the affidavit can only raise the question of from where were the drugs obtained and/or delivered.  The only thing

we know for certain is that the contraband was not delivered in the residence, and may not have even been delivered on the property in question.  To assume without evidence that the suspect location was actually so  implicated is to negate the "substantial basis" requirement of Gates.  The transaction was conducted outside and out of view of the affiant officer.  The information relayed through the affiant by the so-called Special Employee was insufficient to answer the obvious questions raised herein.  The issuing Judge was left to speculate as to what nexus, if any, substantially tied the conduct to the location searched.  This is precisely the type of omission advised against by the Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978). Because of his experience with drug trafficking cases and the investigative techniques used to develop and verify intelligence with respect to drug-trafficking sites, it was objectively unreasonable for this affiant officer to believe in good faith that his warrant was properly issued.  Lacking, as it does, essential facts crucial to determining issues of situs and nexus, the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. United States v. Leon, 468 U.S. 897 (1984).

    WHEREFORE, for all of the foregoing reasons and those that may appear at a hearing on this motion, the Defendant

respectfully requests that any and all tangible evidence be suppressed as obtained in violation of the Fourth Amendment.

                                  Respectfully submitted,

                                  _____
                                  CARY CLENNON  #366816
                                  Counsel for Troy Antoine Hopkins

                                  P.O. Box 29302
                                  Washington, D.C. 20017-9302
                                  Phone : (202) 269-0969
                                  Fax:   (202) 269-0969
                                  Clennon_law@comcast.net


**CERTIFICATION OF SERVICE**

    I hereby certify that a copy of the foregoing was served on all parties by ECF this twenty-fourth day of September, 2007.


                                  _____
                                  Cary Clennon