UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Criminal Action No. 06-227-02 (RBW) |
| ) | |
| TROY A. HOPKINS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Troy Antoine Hopkins, one of four defendants currently pending trial in this criminal proceeding, has again filed an ex parte letter with the Court in which he seeks permission to replace his current attorney, Mr. Cary Clennon, Esq., and further requests that the Court sever his trial from those of his co-defendants. Letter from Troy A. Hopkins to the Honorable Reggie B. Walton, United States District Judge (undated) (D.E. No. 198, filed on September 13, 2007). Based on this request, the United States requests "that this Court hold a hearing to further review the issue of [the] defendant's request for substitution of counsel." Government's Request for Hearing on Counsel at 1 (the "Government Motion" or "Gov't Mot."). The Court will deny both the defendant's requests and the Government Motion at this time.

This is the fifth time that the defendant has requested a substitution of counsel. The Court has previously explained in some detail the reasons why the defendant should not be allowed to replace his current attorney or sever his trial from that of his co-defendants under the

1

balancing test set forth in United States v. Burton, 584 F.2d 485 (D.C. Cir. 1978), and need not repeat those reasons here. See United States v. Hopkins, Case No. 06-cr-00227-02 (RBW), slip op. at 5-7 (D.D.C. Aug. 1, 2007) (holding that under the balancing test set forth in Burton, it would be inappropriate to grant the defendant's requests for substitution of counsel and severance of his trial because that "would surely inconvenience . . . the litigants, witnesses, other counsel, and the Court," and because the defendant's current attorney "is an experienced advocate who is eminently capable of effectively representing the interests of the defendant at trial while fully protecting [the defendant's] constitutional rights" (internal quotation marks and citations omitted) ). Nothing in the defendant's latest submission indicates that there has been any material change in circumstances warranting reconsideration of the Court's prior rulings. It remains the case that it would be unfair to the other defendants in this case to delay their trial until 2008 simply because Mr. Clennon is not the defendant's preferred choice of counsel, and, as indicated earlier, it would be unfair to everyone else involved in this proceeding to reward the defendant's nine-month flight from the authorities by forcing the United States to try him separately at a later date.

Because there is nothing new in the defendant's letter remotely suggesting that reconsideration of the Court's prior oral and written orders is appropriate, there is no need to set a hearing on this matter as the United States requests. The Court will, however, "make further inquiries . . . regarding this issue," Gov't Mot. at 2, when this matter comes before it for trial on September 24, 2007. At that time, the Court will again assess whether the defendant's attorney is adequately prepared to properly represent the defendant. It is therefore

**ORDERED** that the defendant's request for substitution of counsel and severance of his trial from the trial of his co-defendants set forth in his undated letter filed on September 13, 2007 is **DENIED**. It is further

**ORDERED** that the Government's Request for Hearing on Counsel is **DENIED**.

**SO ORDERED** this 14th day of September, 2007.

_____
REGGIE B. WALTON
United States District Judge