## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA    :
                              :
v.                             :   CR. NO. 06-0227-02(RBW)
                              :
TROY ANTOINE HOPKINS      :


## MOTION FOR SEVERANCE OF DEFENDANTS

Federal Rules of Criminal Procedure Rule 14 specifically empowers the trial court to grant severance of defendants if it appears that such joinder will prejudice either the defendant or the government.  Rule 14 provides (in part):

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trial of counts, grant a severance of defendants or provide whatever relief justice requires.  (F.R.C.P. 14)

This section gives the trial court broad discretionary powers in which to grant severance whenever prejudice is shown to exist by the joinder of defendants.  Furthermore, the Supreme Court has recognized that whether the trial of the defendants should proceed jointly or separate is within the discretion of the trial judge. Opper v. United States, 348 U.S. 84, 95 (1954).  Whether prejudice exists in a particular case is dependent upon the circumstances and the facts of the individual case.

The District of Columbia Circuit has held that the granting of a Rule 14 motion rests within the sound discretion of the trial judge. <u>United States v. Tarantino</u>, 846 F.2d 1384, 1398 (D.C. Cir. 1988).  In order for the court to grant severance in an individual case the defendant must show prejudice resulting from the joinder of the defendants.  <u>United States v. Wright</u>, 783 F.2d 1091, 1095 (D.C. Cir. 1986).  The District of Columbia Circuit has noted two situations where severance is required: (1) where evidence against one defendant is far more damaging than evidence against another, and (2) when the two defendants rely on mutually contradictory defenses.  <u>Id.</u> at 1398-99.

The Defendant contends that he is entitled to a severance from his co-defendants in this case, as his co-defendants have exculpatory information which can only be obtained through separate trials.  In order to obtain a separate trial based upon a claim that a co-defendant will testify on the defendant's behalf, a three part test must be met.  First, the co-defendant must be willing to testify on the defendant's behalf.  Second, the co-defendant must not invoke the Fifth Amendment privilege.  Third, the testimony must be exculpatory in nature. <u>United States v. Paulino</u>,935 F.2d 739,752 (6th Cir. 1991); accord <u>United States v. Elder</u>, 90 F.3d 1110,1120 (6th Cir. 1996)

In the case of <u>Turpin v. Kassulke</u>, 26 F.3d 1392 (6th Cir. 1994), the defendant argued that his case was improperly joined

with a co-defendant who had exculpatory evidence on the defendant's behalf.  In that case, the court had before it the testimony of the proposed witness.  The court was able to evaluate the evidence, and determine that the evidence itself was questionable in nature and not exculpatory.  Therefore, the court held that severance was not proper. Id. at 1397

By contrast, in the present case, the Defendant clearly is entitled to a severance.  The codefendants (Downs and Hargrove) will testify on behalf of the Defendant providing exculpatory evidence at a separate trial, if that trial is held after their own. Specifically, the two codefendants will testify that they have never seem Mr. Hopkins handle, sell, deliver, or otherwise traffic in phencyclidine. Finally, the codefendants will not invoke their Fifth Amendment privileges to not testify. The Defendant contends that these facts provide the basis for a severance in this case.

Because the prejudice suffered by the defendant in this case effectively prevents the defendant from receiving a fair trial and substantially outweighs any increase in efficiency or judicial economy resulting from a joint trial, the defendant prays this honorable Court grant the motion for severance of the defendants. Based on the facts and case law presented above the defendant requests that this Motion by granted.

Respectfully submitted,

_____          _____

CARY CLENNON    #366816
Counsel for Troy Antoine Hopkins
Appointed by the Court

P.O. Box 29302
Washington, D.C. 20017
Telephone: (202) 269-0969

## CERTIFICATE OF SERVICE

_____This is to certify that a copy of the foregoing pleading has been served on counsel for all parties by electronic filing with ECF this first day of October, 2007.

_____

CARY CLENNON

4