United States

pg 1.      v.                                    06-CR-227 (RBW)

Troy Hopkins

Defendant's pro se Motion to Dismiss Indictment for Prosecutorial Misconduct and Outrageous Government Misconduct

FILED
MAY 16 2008
Clerk, U.S. District and Bankruptcy Courts

Defendant, Troy Hopkins, comes before this court, pro se, to request that the Courts accept this Motion to Dismiss this Indictment for Prosecutorial Misconduct and Outrageous Government Misconduct. Assistant US Attorney Elizabeth Poteat and FBI Agent Tim Ervin engaged in a pattern of deceitful and unlawful conduct throughout the criminal investigation and Grand jury proceedings. Ms. Poteat and Mr. Ervin made numerous false and misleading statements and deceived the Grand jury which created grand jury bias and improper influence.

The government engaged in misconduct and deceitful behavior to influence the grand jury to indict, and these violations had an effect on the trial proceedings thereby, denying the defendant (Hopkins) the right to an untainted and fair trial. In addition by the government not correcting the perjured testimonies and false statements which were presented in investigative reports, affidavits and to the grand jury, they showed a reckless disregard for truth and caused usurpation of the grand jury's role.

A prosecutor may not mislead grand jury or engage in fundamentally unfair tactics before it. In fact the gain in prosecutors' influence over grand juries is all the more reason to insist that these limitations be observed strictly. Due process considerations prohibit the government from obtaining an indictment based on known perjured testimony. See United States v. Basurto, 497 F.2d 781, 785 (9th Cir. 1974). Courts have also held that a prosecutor may not make statements or argue in a manner calculated to inflame the grand jury unfairly against an accused. See e.g., United States v.

pg 2

Serubo, 604 F.2d 807, 818 (3d Cir. 1979). Under the applicable guidelines prosecutors have an ethical obligation strictly to observe the status of the grand jury as an independent legal body. See American Bar Association, Standards for Criminal Justice Standard 3-3.5 at 3-48 (2d ed. 1980); United States Attorney's Manual 9-11.015 (August 17, 1978). In short a prosecutor as an officer of the court is sworn to ensure that justice is done, not simply to obtain an indictment.

The United States prosecuting attorney Elizabeth Poteat and FBI Agent Tim Ervin over-stepped the bonds of that propriety and fairness ~~out of ours~~ which should characterize the conduct of such an officer in the prosecution of a criminal offense is clearly shown by the record.

Defendant would like to call the courts attention to grand jury testimony of Agent Tim Ervin, dated June 13, 2006 at 2:58 pm.

<u>Misleading statement by Mr Ervin 1.</u>

pg 46 Line 24. Ervin states "And in this case, it became very clearly defined. You had the guy in JA, Tony Hill, you had five girls who are acting as the couriers, who are flying into town with the PCP; then you have Darnell Jackson and his partner a guy named Troy Hopkins; and then they had a little group of guys who kind of did their bidding, so they're paid a few dollars to run errands and distribute PCP; and then you had their customer base."

~~Tim Ervin clearly misleads when he puts Darnell Jackson and Troy Hopkins as partners. There is no proof of this in the record. The record clearly shows that Troy Hopkins and Darnell Jackson has a buyer and seller relationship. Through out the gr~~

Pg3

jury testimony Ms. Poteat and Agent Ervin use phrases of words such as "they had a little group of guys" who did their bidding, their customer base, to mislead the grand jury unto thinking Jackson and Hopkins dealt together as a team who had the same people working for them and the same people buying from them. Tim Ervin contradicts himself numerous plenty of times in his testimonies, one minute he says Darnell has his people and we don't know to much about Troy's people clearly separating the two, then he makes statements, with the help of Ms. Poteat to cover up his previous statement. Let the record reflect pg 47 Line 8. Ervin contradicts his previous misstatement in this next paragraph "This guy, you know, just runs errands for Darnell and delivers PCP; this guy is one of his biggest customers.

XXX

Misleading statement by Ms. Poteat #1
pg 48 Line 13 Grand juror asked Tim Ervin a question "How long did it take you to get to the point that you could request the wiretap?" Line 18 Ms Poteat states "But please don't go back to 2003."

This completely misleads the grand jury unto thinking this investigation was going on longer than it was giving false ideas and portraying a false picture.

misleading statement by Agent Ervin #2
pg 51 Line 4. Agent Ervin answers Ms. Poteat question "We had no idea that Darnell Jackson had a partner until the wiretap." Here again Agent Ervin continues to mislead the grand jury by calling Darnell Jackson and Troy Hopkins partners.

Agent Ervin materially false statement #1
pg 52 Line Ervin is stating false facts of what was seized in 2004. a "They ended up arresting six people and seizing three and half gallo

of PCP and a half -- excuse me - a half kilo of cocaine."

Agent Ervin false states about the half kilo of cocaine, there was no cocaine seized in 2004.

<u>Agent Ervin misleading statement #3</u>
pg 52 Line 19, Agent Ervin "and when we started our wiretaps, we could see there was this guy Troy he was calling, that was his partner."

By Ms. Poteat and Agent Ervin misleading the grand jury using this unfair tactic shows prejudice to the defendant and displays a reckless disregard for truth.

<u>Agent Ervin misleading statement #4</u>
Ervin says "it becomes really clear that his partner is Troy Hopkins is on the morning of May 13th 2006."

Agent Ervin continuously tries to portray a false picture. The record clearly shows Darnell Jackson on more than 1 call on the morning of May 13th 2006, basically begging Troy Hopkins to sell him some PCP at an affordable price. This call clearly shows a buyer and seller relationship, no proof whatsoever of a partnership.

<u>Agent Ervin materially false statement #2</u>
Agent Ervin explains to the grand jury that I compose a rap to Darnell Jackson, staying "and in this rap he tells him he just got two gallons PCP.

This is a false material declaration. This is a false statement, again, made to mislead the grandjury. The agents were listening to Jackson phone calls, the record clearly reflects I said "S-dot just got

two back. The agent does not reveal the truth about the phone call because it will reveal a partnership with Hopkins and S-dot and contradict the governments theory.

### Poteat Materially False Statement #1

Poteat makes a material false statement pg 58 Line 19 "And your going to hear in this call Troy Hopkins say, I just got two back. And you're going to hear Darnell get all excited, and Darnell going to try to talk Troy into giving him one of the gallons at a really good price."

The May 13th call clearly shows that I did not say "I just got 2 back, again Poteat misleads the jury making this false statement. The second half of Poteat's clearly shows the contradiction of the governments theory. If Darnell Jackson and Troy Hopkins are partners Jackson would already know what just got back and would not have to beg Hopkins to give him a good price on the PCP.

### Misleading Statement by Poteat #2

Poteat misleads the grand jury pg 60 Line 2 "Can we take this -- make this the opportunity to explain how they would know it's an 8 from a 1 and, and who they employ to tell them the quality of the PCP?

Poteat continues to provide materially false, misleading and fictitious statements. Ms. Poteat deceives the grand jury by using the phrases "they would know" and "who they employ" Poteat has evidence that Jackson may have done certain things but she continuously presents it to the grand jury as "they did this or "they employed. Ms. Poteat has no record that Defendant Hopkins ever employed anyone to test the quality of the PCP.

~~Misleading~~

Ervin Materially False statement #3

Ervin gives the grand jury on pg 64 line 6 a taint interpretation of ~~the~~ May 13th phone call. On his interpretation he makes a material false statement insinuating that I got PCP transported into town that morning. "Well, you heard, you heard him say earlier that he wanted to get some of the PCP that Troy Hopkins had gotten in that morning."

Ervin gives a falsified version of the facts. May 13th phone call clearly shows that Defendant Hopkins was the middle man and had to get the PCP from another source. Just because the government checked flight records and saw that 2 couriers came in from Los Angeles does not mean that they came in for defendant ~~Hopkins~~. Tanisha Adams testified in trial refer to trial transcript from October 4, 2007 P.M. session pg. 29 Line 12, Defense attorney Clennon ~~asks~~ cross examining Tanisha Adams. Q "And it wasn't very long before Tanisha started flying directly to New York? A. Yeah, for D, and I didn't even know that until you know, after Q And Tanisha was taking him PCP? A. Yes she was Q In fact, sometimes Tanisha would fly with you from Long Beach to Dulles? A. And then go from Dulles to New York. Q And jump on the train A. Yes its cheap Q And so when she brought a gallon in her luggage it would go to New York after you landed at Dulles, right? A Whatever she did with her merchandise was on her. pg 30 Line 23. Q Because when you was coming to supply Lolita you certainly weren't telling Troy? A. He was going to be mad. The record clearly shows that the girls were independent couriers who brought PCP to DC and New York without Hopkins knowledge on occasions. This show by the government referring to flight records to insinuate that each time it shows these girls traveling to DC its for defendant

P.3

Hopkins is absurd on its face and shows a reckless disregard for the truth which lays the foundation of prejudice against Mr. Hopkins.

Pg 9

## Prosecutorial Misconduct
Tim Ervin - Grand Jury June 15, 2006

xxx pg 10 Line 24

### Ervin Bias and Misleading Statement #1

Ervin discusses the Foal Gate Court House and misleads the grand jury when he says xx//- "In April they had actually had Dominique Washington in that same house on Foal Gate Court, and they actually had a gallon of PCP in there. So you can understand their concern"

xxx to implicate Hopkins was involved also,

Ervin again misleads the grand jury using something that Jackson was doing and uses the term they and their, this is a continued unfair tactic that the government uses xxx Anything to biased the grand jury. The record shows in trial transcript of October 18, 2007 page 42 Line 2 Poteat asks Dominique Washington Q."Did you see anybody else who is in the courtroom today coming in and out on that trip? A. NO" Indicating while she stayed at the Foal Gate house for three days none of the defendants were involved. In addition Defendant Hopkins stopped dealings with Ms. Washington months before when she stopped working for Tanisha. (See trial transcript Oct. 4 pm session)

pg 30 Line 5 See back of paper xxx

### Ervin Bias and Misleading Statement #2

Agent Ervin answers Poteat question on page 28 Line 2. "Yeah, they talk again about possibly sending someone to Los Angeles soon."

Explaining what was said in call 3725 Ervin gives a taint interpretation. Ervin misleads the jury making it seem as though in the call Jackson and Hopkins both will be sending someone to LA for both of their behalfs when in actuality defendant Hopkins clearly talks about sending someone to LA for hisself.

### Material false statement #1 by Ervin

Ervin gives another interpretation of a call on pg 34 Lines 4-14 In his interpretation he explains to the grand jury that Jackson is

Question by Cary Clennon, "And so shortly after meeting Darnell Fats Jackson he started getting closer to Dominique"? A. "Yes, they became intimate lovers. Q And she became his courier? A. "Yes, for him". Q "And she stopped doing any courier work for you"? "Yes."

is trying to get a front from Tony Hill, Jackson is telling Tony that he has 10,000 and he is trying to get a gallon for 13, so he wants to owe Tony Hill the rest. Ervin says " to front him a portion of PCP because he doesn't have the money to pay for a whole gallon which is 13."

This is important, Ervin, on several occassions makes assertions in the reference of Gallons of PCP going for 13,000 when in actually they sell for no more than 10,000 in Los Angeles. In this call Ervin makes this material false statement explaining to the grand jury that Jackson was only trying to get one gallon when he actually is telling Tony Hilt to let him put 10,000. down on 1 gallon and front the other gallon.

Material false statement #2 by Ervin
Ervin again mischaracterizes a call pg 37 Line 6 saying "Troy people-see, its the same partnership. They'll sell PCP to each other if either one of them has it."

Ervin makes another fictitious statement here. There is no where in the record of this case that reflects Darnell Jackson selling Hopkins any PCP. The record only shows Jackson buying PCP from Hopkins.

Misleading and Bias statement #3 by Ervin
Ervin gives another bias and misleading statements giving a taint characterization of Jackson and Hopkins relationships. He give an analogy of 2 good friends who trust each other completely and who both get cocaine from New York. He continues by saying if 1 may have had cocaine he would supply the other and visa-versa. He says that it is "not uncommon to have kind of a side-

pg 9

-to-side distribution for convenience sake, especially when the supplier is far away, and that's what these two fellows had."

Ervin again misleads the grand jury with his mischaracterization and false analogies. There again is no record of side-to-side dealing by Jackson and Hopkins. Ervin gives an analogy of two friends who completely trust eachother. The record shows that defendant Hopkins did not trust or even like Darrell Jackson. See trial transcript of October 4, 2007 PM session. pg 14 line 16. Question to Tamesha Adams, "Troy Hopkins didn't like him either, did he"? A. "No" Line 18 Q "And he expressed that to you on many occasions, didn't he"? A "Yes"

Materially false statement by Poteat #1 and Tim Ervin #3
Poteat makes a material false statement pg. 39 Line 7-9 Asking Tim Ervin a question she misleads the jury saying "Youre got Troy Hopkins, you said, using Jackson's phone and talking to a female, an unknown female courier? Tim Ervin then answers "Yes".

There is no proof in the record that this particular female who Hopkins was speaking with was a female courier. It was young lady by the name of Crystal Parker. She may have been in Los Angeles with Troy Charrieus but it was never said that she was one of the female couriers.

Bias and Misleading Statement #1 by Poteat    Beginning with
Poteat biased the grand jury considerably on pg. 47 Line 3 Grand Juror asks "What -- can you lay out the charges that you were thinking of bringing? I presume your trying to show a conspiracy to us here and, and" Poteat interrupts "Actually, I did. I don't know if you were here". Grand Juror "Maybe I wasn't" Or maybe I didn't write them down". The grand juror goes on to ask Poteat a legal question about internal friction and corruption and

Pg 10

Poteat tells the grand juror that she would be happy to go over that after Tim Ervin leaves. The grand juror goes on to explain that "its alot of information that the government has put forward and its got nothing and I want to make sure -- what you need us to focus on." Poteat just says she'll explain later.

First and Foremost "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge . . . ." "The right to have the grand jury make the charge on its own judgement is a substantial right which cannot be taken away . . . ." (Footnote omitted). Strone V. United States, 361 U.S. 212, 218-19, 80 S.Ct. 270, 274, 4 L.Ed.2d 252 (1960). Poteat is acting with ~~no~~ reckless disregard for the integrity of the administration of justice by telling the grand juror that she has already shown a conspiracy and basically insulting the grand juror at the same time when the grand juror expressed to her that they could not find a conspiracy present. Poteat knows she is suppose to let jurors make up their own minds about if the charge is occurring. In addition we have no idea what else Poteat might have said when she answered the question later on because it is not in the record. Poteat completely ~~biased~~ created grand jury bias.

Bias statement by Ervin #4
Ervin gives a statement about the phone call between Hopkins and Darnell saying "There a call where Hopkins tells Fatts, the bitches will be here tomoro morning."

54 Line 16

Ervin completely prejudiced defendant Hopkins with the use of the word bitches because their could have been women in grand jury or even men that took offense to this language.

PG 11

**Bias and Misleading statement by Ervin #5**

Pg 54 Line 2 Ervin mislead jury into thinking that defendant Hopkins was a part of this transaction when he states "When he goes into the house he sees a large quantity of money on Darnell's bed. He noticed that Troy Hopkins is also in the house. He gives him the 10,000 and he leaves.

Ervin misleads the grand jury first giving them the impression that the informant gave Troy Hopkins the 10,000. Ervin usually explains everything out but does not explain to the grand jury that Troy Hopkins just happen to be in the house down stairs sleep in the basement and that Hopkins not once in this whole case had one word with the informant much less even knew who he was or what Jackson and him had going on. The government makes it look even bitter when they says there is a the video of the informant going into the house, an there's video of Troy and Fatts coming out of the house later.

**Materially false statement by Ervin. #4**
Line
Ervin makes misleads the grand jury pg and misstate on pg 67 5-7
"After the - this is on May 24th. After the stuff got seized at the airport that morning, clearly they had more PCP on hand because they called the informant and they said, okay, we've got a portion of the PCP for you"...

Ervin clearly makes a false statement to again inflame the jury. There is no record of Hopkins ever talking, dealing, or being on the phone with the informant. This is another example of how the government uses things that Jackson has done and insinuates that both Jackson and Hopkins are involved using they, them, we're when in all actuality it was just Jackson.

**Bias and Misleading Statement by Ervin #6**

Ervin again prejudices defendant Hopkins starting on pg 67 Line 25 - pg 68 Lines 1-2. Ervin is telling the grand jury that he is going to draw up a chart. "And it's going to list Troy and Fats as the two primary distributors, and all the people that work for them and all they

sell PCP to.

Ervin again uses this unfair tactic to portray a false picture in the minds of the grand jurors. By using word phrases such as "people that work for them" and "all the people they sell PCP to" gives a vague point of clarification. Ervin does this to make it seem like Jackson and Hopkins have the same workers and clientele. The record shows Darnell Jackson testified (See trial transcript Oct. 25, 2007 Afternoon Session) pg 48 Line 11) "We didn't deal with the same people."

Prosecutorial Misconduct
Tim Ervin - Grand Jury July 6, 2006

Materially False Statement by Ervin and Poteat #1
Pg. 6 Lines 6-11 Agent Ervin and Ms. Poteat made material false statements. Q. Poteat "Can we just clarify that? However, they do pool their resources and deal with common sources of supply in Los Angeles and points of Clarification. Ervin answers "Yes, they pool their money and its kind of like whoever has more money and whoever has more PCP kind of helps the other guy out, and it goes back and forth."

Agent Ervin and Poteat continue to plant false accusations out their. There is no evidence of Jackson and Hopkins pulling their money together. There is a phone call where Jackson and Hopkins talk about getting 3 gallons of PCP, but it does not transpire. Jackson is always broke and uses the FBI's 10,000 to put a down payment on the 2 gallons which were seized at the airport. The government throughout these testimonies portray a false picture creating grand jury bias. Ervin also mentions who ever has more money or PCP kind of helps the other out and it goes back and forth. The only back and forth in this case is Jackson going back and forth to buy PCP from Hopkins. No proof in the whole record of the opposite.

Pg 13

Prosecutorial Misconduct
Tim Ervin - Grand Jury July 25, 2006

Materially false statements by Poteat and Ervin #1
On pg 12 line 1 Poteat ask Ervin did Lanika Franklin and Tinesha Adams fly from Long Beach to deliver two gallons of PCP to Troy Hopkins and Darnell Jackson? Ervin Answers "Yes" Poteat Q "And how do we know this? Is this over the wire tap?"

The record only shows that the only proof that Lanika and Tanisha brought PCP in that day is from airline records. No physical evidence. The wiretap call shows Darnell Jackson begging me to sell him some PCP for a good deal so if these girls were bringing something for Jackson why is he on the phone begging Hopkins. The trial transcript shows that Tanisha Adams and Lanika Franklin flew in to DC on occasions to see other people than Troy Hopkins. There are also times Hopkins would not even know Adams was in DC. Trial transcript shows (Oct 4, 2006 pm session pg 37 Q And on those occasions you wouldn't tell Troy that you were even here? A. "No")

Bias and Misleading Materially False statement by Ervin #2
Ervin tells the grand jury material false statement pg 14 Line he is explaining a phone call again between Troy Hopkins and Darnell Jackson. Ervin tells the jury in this call Hopkins tells Jackson "I just got two"

Ervin tells the jury his taint version but let the record reflect Hopkins says "S-dot just got two back" In fact the all the calls on the morning of the 13th Hopkins is telling Jackson he has to get them from S-dot.

Material False Statement by Ervin and Poteat #3
On page 14 Line 4 Poteat ask Ervin "did they Mr. Anderson an Jackson meet up with Troy Hopkins in order to distribute the PCP to their capacity as couriers"? Ervin "We believe so"

PG 14 Agent Ervin and Poteat continue create grand jury bias with their fictitious beliefs and assumptions. Just because Ervin checked some flight records and saw that these girls flew into town does not mean that they brought PCP with them, or hooked up with Hopkins. Tina Ervin is testifying under oath to a grand jury presenting false accusation and hearsay evidence based upon his beliefs.

Misleading and Bias by Poteat and Ervin #1
Poteat asks "On May 18th, did Mr. Hopkins and Mr. Jackson talk about sending a carrier -- or a carrier who was in un route to bring them a gallon quality of PCP from California? Ervin A. "Yes"

(May 18, 2006) (call # 3993)

Again here, Mrs. Poteat gives her interpretation of the call to make it seem like Jackson and Hopkins are partners, to gain jury influence. This is improper and unfair tactic that was used throughout these proceedings. Hopkins on the calls from May 18, 2006 is telling Jackson "I got another one coming in ah, as soon as Little T come". Hopkins made no reference about we have anything, so Ms Poteat clearly uses this strategy to mislead the grand jury.

Bias and Misleading by Poteat and Ervin #2   PG 21 Line 2
Poteat asks Ervin about another call between Trey and Darnell "this is important Hopkins and Jackson talk about William Henry Bray or P or Punchy, and how he's going to have to wait until they can get some in? Ervin A. "Yes."

Here again Poteat manipulates the grand jury into thinking that the PCP that is coming in belongs to the both of them by using the word they. The record reflects to Hopkins saying he has, and I got, nothing showing that they Hopkins and Jackson have PCP coming in together.

Pg 15  Bias and Misleading Statement #3 by Poteat and Ervin

Poteat Questions Ervin pg 21 Line 23 "And on May 19th, does Shauntae Anderson travel from Long Beach International Airport to Dulles International Airport for the purpose of delivering a gallon of PCP to various members of the conspiracy, including Troy Hopkins. Ervin A "yes"

Now, the government has proof that Anderson came and met with Hopkins. But their is no proof in the record of Shauntae Anderson brought a gallon of PCP. The Agent is speculating. And it clearly shows that Anderson did come to meet Hopkins not various members in the conspiracy as Poteat misstates. The record reflects Anderson flew to meet Hopkins, then Parnell purchased some PCP from Hopkins. Poteat makes it seem like it is one big organization and Anderson is delivering the PCP for Hopkins and Parnell.

Misleading Statement by Poteat and Ervin #4
Poteat explains another phone call between Hopkins and Jackson pg 22 Line 21 "And then he later talked about sending the girl back to T, which would be Mr. Hill, and the girl would obviously be Ms. Anderson, back to T with the money, in other words, to pay whatever the balance." Ervin A "Yes"

Poteat and Ervin just made assumptions and present there assumptions as facts to the grand jury. Their is no proof that the money Mrs. Anderson is taking to T deals with a balance being owed. This is just an example how Poteat and Ervin just make up their little alibis to go along with their play.

Poteat material False statement #1
Poteat asks Ervin pg 27 Line 20 "Now, on May 23rd did you decide to wrap things up and just have the cooperater give some money to this guys to see if they could -- he could jump back into the game?"

Poteat misleads the grand jury with her false statement insinuating Hopkins was involved in dealing with the informant also. There is not one time in this case where defendant Hopkins and the informant exchanged words.

pg 17

stopped on May 24th with 2 gallons and their is evidence in some of the calls that she was bringing a gallon does not add up to this outrageous amount that Ervin and Poteat are throwing up in the grand juror's eyes. Through out these testimonies let the record reflect Poteat and Ervin have made things look as if they aren't, put words into peoples mouth, and made up false scenarios. This is unfair and improper conduct. It is as much the duty of the United States Attorney to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring a just one. XXX See next page Add to following paragraph

The prosecutor has a duty of good faith to the Court, the grand jury and the defendant. United States v. Basurto 497 F.2d 781 786 (9th Cir 1974)

Conclusion AUSA Elizabeth Poteat helped FBI Agent Tim Ervin mislead and deceived the grand jury and displayed a vagrant disregard for the truth and perjured themselves. This motion shows numerous accounts of misconduct by the government. After all of the perjury, fabricated stories, and prejudiced testimonies, Ms Poteat still did not dismiss the indictment. These acts perjury and misleading statements committed by the government have clearly painted a damaging picture for the grand jury. The prosecutor and the agent presented a host of lies, fallacies, forgeries, fabrications and perjury. This entire case was and continues to be one big illusion built on untruths and the governments false beliefs. There are more instances of prosecutorial and outrageous conduct, such that Defendant Hopkins can go on and on with these cataclysmic actions of professional misconduct by the government. With these violations of the Rules of Professional Conduct, misleading, false testimony, at the very least, the government should dismiss this case to save embarrassment, shame and further humiliation. Defendant is requesting the courts to use its Supervisory Power to dismiss this indictment or to give justice and allow the defendant an evidentiary hearing to prove these claims are accusations.

respectfully submitted
Troy Hopkins

Page 17 Insert

Add to XXX right after United States v. Basurto 497 9th Cir 1974)

On occasion, and in widely vary factual context federal courts have dismissed indictments because of the way in which the prosecution sought and secured the charges from the grand jury... These dismissals have been based either on constitutional grounds or on the court's inherent supervisory powers... Whatever the basis of the dismissal, however, the courts' goal has been the same, "To protect the integrity of the judicial process," ... particularly the functions of the grand jury, from unfair or improper prosecutorial conduct." (Citations and footnotes omitted.) Chanen, 549 F.2d at 1309.

*[signature]*