## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 06-227-02(RBW) |
| TROY ANTOINE HOPKINS | : |

### DEFENDANT'S NOTICE OF OBJECTION TO GOVERNMENT'S CORRECTED NOTICE OF PRIOR CONVICTIONS AND SENTENCING ENHANCEMENTS (DOC. #197)

Defendant Troy Antoine Hopkins, through undersigned counsel and pursuant to 21 U.S.C. §851(d), hereby notices his objection to the use of alleged prior convictions to enhance his sentence to life imprisonment without possibility of parole pursuant to 21 U.S.C. §841(b)(1)(A)(iv).

The use of prior convictions to enhance a sentence should be an element of the offense alleged by the grand jury in the indictment, and proven to the trial jury beyond a reasonable doubt. The failure of the United States to allege and prove the predicate prior criminal convictions as an element of the conspiracy offense alleged should deprive the government of authority to enhance the minimum mandatory sentence.

Pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), later amplified by Blakely v. Washington, 542 U.S. 296 (2004), the fact of a prior conviction should be treated as an element of the offense and submitted to the jury and established beyond a reasonable doubt. These decisions establish that the 5-4

decision in Almenderez-Torres v. United States, 523 U.S. 224 (1998), which purportedly carved out an exception for prior convictions, lacks a constitutional foundation, is no longer good law, or should be limited to its unique specific facts (where the petitioner admitted the prior convictions).  At least five sitting justices are on record as clearly supporting this conclusion.  The prior convictions enhancements that serve to increase Hopkins' minimum sentence should be deemed unconstitutional.

    Whether a prior conviction is an element of the offense that is required to be proved beyond a reasonable doubt is a legal issue of constitutional dimension.  In Apprendi v. New Jersey, 530 U.S. 466 (2000) the Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  Id. At 490, 499-500.  The prior conviction "exception" at issue here derives from the fact that the Apprendi court declined to expressly overrule Almenderez-Torres v. United States, 523 U.S. 224 (1998), a 5-4 decision which, in the unusual context of that case, held that a prior conviction may be treated as a sentencing factor and may constitutionally increase the statutory maximum for the offense of conviction.  The Almenderez-Torres majority conceded that "it is arguable that Almenderez-Torres was incorrectly decided." 530 U.S. at 489.

    At least five Justices of the Supreme Court are on record as

-2-

ready to overrule <u>Almenderez-Torres</u>; Justices Scalia, Stevens, Souter and Ginsburg were all in the <u>Apprendi</u> majority.  Justice Thomas, who was in the five vote-majority in <u>Almenderez-Torres</u>, indicated in his <u>Apprendi</u> concurrence that he was wrong in <u>Almenderez-Torres</u>.  The crux of Justice Thomas' view is that it is irrelevant as to which facts are elements that legislatures may have allowed sentencing judges in the past discretion to determine punishment.  More pointedly, he said:

> What matters is the way by which a fact enters into the sentence.  If a fact is by law the basis for imposing or increasing punishment - for establishing or increasing the prosecution's entitlement - it is an element. (To put the point differently, I am aware of no historical basis for treating as a nonelement a fact that by law sets or increases punishment). When one considers the question from this perspective, it is evident why the fact of a prior conviction is an element under a recidivism statute.

<u>Apprendi</u>, 530 U.S. at 520-521 (Thomas, J., concurring).

As such, five votes are present that, if presented with the case, would overrule <u>Almenderez-Torres</u> and hold that prior convictions that raise sentences are elements of the offense that need to be proved beyond a reasonable doubt.  The five-vote <u>Apprendi</u> majority expressly noted that "it is arguable that <u>Almenderez-Torres</u> was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested."  530 U.S. at 489.

Mr. Hopkins is mindful that this circuit and others have rejected this reasoning.  *See United States v. Cerna-Salguereo*, 399 F.3d 887 (2005).  But it is also evident that five sitting

-3-

justices of the Supreme Court have criticized as untenable the holding in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and it is unlikely to survive a Sixth Amendment challenge in light of the holding in <u>Booker/Fanfan</u> and <u>Blakely v. Washington</u>.

The statutory enhancements in §841 based on prior narcotics convictions concern facts not found by the jury nor admitted by the defendant.  To the extent the "fact" of a prior conviction is used to enhance defendant's sentence, the statutory scheme in §841 is unconstitutional and the reliance on the §851 notice is likewise unconstitutional and not harmless.

Respectfully submitted,

_____
CARY CLENNON, #366816
Counsel for Troy Antoine Hopkins
Appointed by the Court

P.O. Box 29302
Washington, D.C.  20017-0302
(202) 269-0969