UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>TROY A. HOPKINS,  )<br>  )<br>Defendant.  )<br>  )<br>_____) | Criminal Action No. 06-227-02 (RBW) |

**ORDER**

On May 15, 2008, the Court entered an order directing the United States to file a supplemental memorandum in aid of sentencing that addresses in greater detail the objection raised by the United States to paragraph 24 of the pre-sentence investigation report prepared by the United States Office of Probation.[1] Since that time, the defendant has filed a response to the pre-sentence investigation report and memorandum in aid of sentencing along with an objection to the notice of prior convictions and sentencing enhancements submitted by the United States through his attorney. He has also filed a motion to suppress certain evidence introduced at his trial and a motion to dismiss the indictment against him on his own behalf.

The defendant's response to the pre-sentence investigation report is replete with asserted factual disputes concerning the circumstances surrounding the defendant's arrest and trial. The Court must resolve these disputes on the record at the defendant's sentencing hearing. Fed. R.

---

[1] In its order entered on May 15, the Court erroneously referred to paragraph 34 of the pre-sentence investigation report as the paragraph subject to objection by the United States due to a typographical error in that report. The Court will therefore amend its prior order to reflect the proper paragraph number.

Cr. P. 32(i)(3)(B); see also United States v. McCants, 434 F.3d 557, 561-62 (D.C. Cir. 2006) (remanding case where district court did not resolve specific factual disputes raised by the parties). The Court will therefore direct the United States to indicate in its supplemental memorandum in aid of sentencing those portions of the transcript of the defendant's trial, as well as any other evidentiary exhibits admitted at that trial, that support the specific paragraphs of the pre-sentence investigation report to which the defendant objects on factual grounds.

With regard to the defendant's objection to the notice of prior convictions and sentencing enhancements filed by the United States, his sole argument is that such facts should be found by a jury pursuant to the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, notwithstanding the Court's qualification in that same decision that only conduct "other than the fact of a prior conviction . . . that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490 (emphasis added). This exception to the Apprendi rule has been upheld repeatedly by both the Supreme Court and the District of Columbia Circuit despite the Supreme Court's extension of the Apprendi rule to state sentencing guidelines in Blakely v. Washington, 542 U.S. 296 (2004), and the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220 (2005). See, e.g., Cunningham v. California, 549 U.S. 270, ___, 127 S. Ct. 856, 860 (2007) ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (emphasis added)); Shepard v. United States, 544 U.S. 13, 24 (2005) ("any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury" (emphasis added)); United

States v. Brisbane, 367 F.3d 910, 915 n.6 (D.C. Cir. 2004) ("Brisbane challenges the use of his other two convictions in sentencing, arguing that [Apprendi] required the government to allege the existence of the convictions in the indictment and to prove them to the jury beyond a reasonable doubt. The law is otherwise."). In the words of the Supreme Court, the defendant's "position is baseless." James v. United States, ___ U.S. ___, ___, 127 S. Ct. 1586, 1600 n.8 (2007).

The defendant's pro se motions are also without merit. The relief sought by the defendant–dismissal of the indictment against him and suppression of certain evidence introduced at trial–must be raised before trial to be considered by the Court. Fed. R. Crim. P. 12(b)(3)(B)-12(b)(3)(C). And the time for the defendant to move for a new trial based on these alleged defects pursuant to Federal Rule of Criminal Procedure 33 expired long ago. See Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty."). In short, the defendant lacks any procedural recourse until he is sentenced, at which point he may file a motion to vacate, set aside, or correct the judgment against him pursuant to 28 U.S.C. § 2255 if he so desires.

Accordingly, it is

**ORDERED** that in its supplemental memorandum in aid of sentencing to be filed on or before June 6, 2008, the United States shall specifically address those portions of the transcript of the defendant's trial, as well as any other evidentiary exhibits admitted at that trial, that support the factual assertions made in paragraphs 10-11, 13, 16, 18-19, and 25 of the pre-sentence investigation report insofar as those assertions are disputed by the defendant in his response to

that report. It is further

**ORDERED** that the failure of the United States to adduce evidence in the record in support of the disputed factual assertions set forth above in its supplemental memorandum in aid of sentencing by the date set forth above shall be treated as a concession that there is no evidence in the record to support the aforementioned assertions. It is further

**ORDERED** that in his opposition to the United States's supplemental memorandum in aid of sentencing to be filed on or before June 20, 2008, the defendant shall submit any evidence in the record that disputes the evidence adduced by the United States in its supplemental memorandum concerning the aforementioned disputed factual assertions in the pre-sentence investigation report, if any. It is further

**ORDERED** that the failure of the defendant to file an opposition to any supplemental memorandum prepared by the United States or to submit evidence in the record that disputes any evidence adduced by the United States in support of the aforementioned disputed factual assertions set forth in the pre-sentence investigation report shall be treated as a concession that there is no evidence in the record to dispute any evidence adduced by the United States in support of those assertions. It is further

**ORDERED** that the Court's order entered on May 15, 2008, is **AMENDED** such that all references to "paragraph 34 of the pre-sentence investigation report" or "paragraph 34 of the pre-sentence report" shall be substituted with "paragraph 24 of the pre-sentence investigation report."

**SO ORDERED** this 21st day of May, 2008.

_____
REGGIE B. WALTON
United States District Judge