UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 06-227-02 (RBW) |
| TROY A. HOPKINS, | ) |
| Defendant. | ) |

FILED

JUL 10 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

Troy A. Hopkins, the defendant in this criminal matter, has filed a motion "to dismiss [the] indictment" against him on the grounds that "Assistant United States Attorneys Eli[s]abeth Poteat and E[mor]y Cole knowingly let Special Agent Timothy Errin and other [Federal Bureau of Investigation] [a]gents engage in a pattern of deceitful . . . conduct throughout [his] criminal investigation, [g]rand [j]ury proceedings, [p]re[-]trial proceedings, and throughout the trial in [his] case." Defendant's Motion to Dismiss Indictment for Outrageous Government Misconduct and Newly Discovered Evidence at 1.  As the Court explained in an order entered on May 21, 2008 (the "May 21 Order"), in which it denied similar requests by the defendant, the Federal Rules of Criminal Procedure do not generally permit a defendant to move for dismissal of the indictment against him once trial commences.  See May 21 Order at 3 (citing Fed. R. Crim. P. 12(b)(3)(B)-12(b)(3)(C)).  Further, to the extent that such a motion could be pursued post-trial, any motion by the defendant for a new trial would be untimely under Federal Rule of Criminal Procedure 33 unless the motion was based on newly discovered evidence.  Id.

Although the defendant captions his motion as one for dismissal of the indictment against him based on newly discovered evidence, he does not reference to any such evidence in his motion. His motion is therefore untimely regardless of whether it is considered a motion to dismiss the indictment or a motion for a new trial and must therefore be denied.

Accordingly, it is

**ORDERED** that the defendant's motion is **DENIED**.

**SO ORDERED** this 9th day of July, 2008.

_____
REGGIE B. WALTON
United States District Judge